## Joseph C. Beam v. Cleveland, C., C. & St. L. Ry. Co.

1. RECOUPMENT—*Tendency of the Doctrine.*—The doctrine of recoupment tends to promote justice and prevent endless litigation by adjusting, in one action, adverse claims growing out of the same subject-matter, thereby avoiding circuity of action and multiplicity of suits, and should be applied whenever it is appropriate.

2. SAME—*Where Applicable.*—The defendant's brother died in Chickamauga, and his body was shipped to his home at Bloomington for burial, over the plaintiff's railroad, and the charges therefor paid. In order to get it to Bloomington at the time arranged for the funeral, it became necessary, by reason of delays, to bring it from Indianapolis by a special train, for the cost of which the railroad company brought suit. At the trial the defendant, a brother of the deceased, offered to prove that when the body was shipped his mother and brother started on the train with it and upon their arrival at Cincinnati they and their baggage were transferred to the plaintiff's train and were told that the body would also be transferred, but later they found that it was not. A ticket had been purchased for the body with the defendant's money and was taken up by the conductor of the plaintiff's train. Upon the arrival of the train at Bloomington the body was so badly decayed, by reason of its being left so long at Cincinnati, that it was unfit for public view. But the court, on the objection of counsel for the plaintiff, refused to admit such proof. *Held,* error, for the reason that the plaintiff was claiming payment for transporting the body of the defendant's brother from Indianapolis to Bloomington by special train, and the defendant should be permitted to show in defense by way of recoupment, that he, as such brother, had paid the plaintiff for transporting the body by regular train, which the plaintiff undertook to do, but was so negligent and dilatory in doing it, that the body was decayed to such an extent by reason of such delay, that it was unfit for view, and that he was damaged on that account.

3. SAME—*What is a Proper Subject for Recoupment.*—The claim of a party for damages occasioned to the corpse of his deceased brother while it was being transported by a railroad company to a place where

his body was to be buried is a proper matter of recoupment by him when he is sued by the company to recover for such transportation.

4. PARTIES—*Persons Interested in the Dead Bodies of Kindred.*—A brother of a deceased person who undertakes to pay for the transportation of his body from the place of his death to that of his burial, has such an interest in the dead body as entitles him to damages for an injury to it by the negligent act of the carrier while transporting it for hire.

5. INSTRUCTIONS—*As to the Measure of Damages for Services of a Special Train.*—In an action to recover for the services of a special train, where the evidence showed there was a special contract and a price agreed upon, it is error to instruct the jury that the measure of the plaintiff's recovery is the reasonable price for the train. The price agreed upon must control the amount of the recovery.

Assumpsit, for the services of a special train. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

LIVINGSTON & BACH, attorneys for appellant.

A. E. DEMANGE and J. E. HOFFMAN, attorneys for appellee.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit, brought in the Circuit Court of McLean County by appellee against appellant. The case was there tried by jury, and resulted in a verdict and judgment in favor of appellee for $90. Appellant moved for a new trial, which being denied, he excepted and has brought the case to this court by appeal to effect a reversal of the judgment upon the alleged grounds that the court excluded proper evidence offered by appellant, and gave improper instructions at the instance of appellee.

The declaration consisted of the common counts, among which was one for $300 for labor and services performed by appellee for appellant at his request. Appellant pleaded non-assumpsit and gave notice that under it he would offer evidence on the trial that the dead body of his brother, Fred Beam, was shipped from Chickamauga to Bloomington over appellee's railroad, and the charges therefor paid; that

appellee should have transported same promptly but failed
to do so, and negligently left the body at Cincinnati an unrea-
sonable length of time; that in order to get same to Bloom-
ington at the time arranged for the funeral, it became
necessary, by reason of such delay, to bring it from Indian-
apolis to Bloomington by special train, the cost of which
constitutes the sole cause of action sued upon in this case;
and that the body was so badly mutilated, by reason of such
delay, that it was unfit for public view when it arrived at
Bloomington upon such special train; and that thereby
appellant was damaged $500.

The record shows that appellant went to appellee's train,
which arrived in Bloomington from Cincinnati at five o'clock
Sunday morning, July 30, 1898, expecting to receive from
it the dead body of his brother, Fred Beam, who had died
in Chickamauga on July 28, 1898, and was shipped from there
to Bloomington that day, via appellee's railroad, from Cin-
cinnati, and should have arrived in due course of trains at
5:30 the evening before, but did not, and he was informed
by appellee's agent at Bloomington, that it missed connec-
tions at Cincinnati and could be brought on the next train,
which would be due at that time.

But the body did not come as expected, and appellant
learned from appellee's agent that their next regular train
from Cincinnati, upon which it would come, would be due
in Bloomington at five o'clock that afternoon. Appellant
informed the agent that the funeral had been set for four
o'clock P. M., and the corpse would be too late for it. The
agent replied that the only way it could be gotten to Bloom-
ington before five o'clock, was to bring it from Indianapolis
by special train, and in order to get such train, appellant
would be required to deposit $500 to cover liabilities there-
for. Appellant gave the agent a check upon a bank in
Bloomington for that amount, telling him that he gave it
to him under protest, to which the agent replied that appel-
lant would only be charged the actual expense of the special
train, and the balance would be returned to him. The spe-
cial train brought the body from Indianapolis to Blooming-
ton, where it arrived at 2:10 P. M.

The next day, appellee's agent took the check to the bank to get it cashed, and was informed by the cashier that appellant had directed it not to be paid, so he refused to pay it.

The actual cost of the special train was $181.

Appellant offered to show that when the dead body was shipped, his mother and brother Charles started on the train with it, and upon their arrival at Cincinnati, they and their baggage were transferred to appellee's train, and they were told that the corpse would be also, but later, they found it was not; that they arrived at Bloomington at 5:30 Saturday evening, July 29, 1898; that a ticket was purchased for the corpse with appellant's money, and same was taken up by the conductor upon appellee's train; and that upon the arrival of the corpse, it was so badly decayed because of being left so long at Cincinnati, that it was unfit for public view.   But the court, on objection of counsel for appellee, refused to admit it, and appellant excepted and insists in this court that it was error to exclude it.

We are inclined to that view also, for the reason that appellee, in the case at bar, is claiming payment for transporting the dead body of appellant's brother from Indianapolis to Bloomington by special train, and appellant should be permitted to show in defense thereof, by way of recoupment, that he, as the brother of deceased, had paid appellee for transporting the body by regular train, which appellee undertook to do, but was so negligent and dilatory in so doing, that the body was decayed to such an extent by reason of such delay, that it was unfit for view, and that he was damaged on that account.

The doctrine of recoupment tends to promote justice and prevent needless litigation, by adjusting, in one action, adverse claims growing out of the same subject-matter, and thereby avoiding circuity of action and multiplicity of suits, and should therefore be applied whenever it is appropriate. Stow v. Yarwood, 14 Ill. 427; and Scott v. Kenton, 81 Ill. 96.

That appellant's claim for damages occasioned to the

corpse of his deceased brother while it was being trans-
ported by appellee from where he died to where it was to
be buried is a proper subject-matter of recoupment by him
when he is sued by appellee to recover for such transporta-
tion, we entertain no doubt; and we are also of opinion that
appellant, as brother of the deceased, and the one who had
undertaken to pay for such transportation, had such an inter-
est in the dead body as entitled him to damages for an
injury occasioned thereto by the negligent act of appellee
while transporting same for hire. The court therefore erred
to the prejudice of appellant, in not admitting the offered
evidence.

At the instance of appellee, the trial court instructed the
jury that the measure of appellee's recovery was the rea-
sonable price for the special train, and counsel for appellant
insists that the evidence shows that the price for which ap-
pellee agreed with appellant to furnish the train, was the
actual cost thereof, and the court erred in telling the jury
that it could recover the reasonable price therefor, and in
that view we concur, for the reason that the evidence shows
there was a special contract and the price agreed upon
must control the amount of recovery.

For the error of the trial court in not admitting the evi-
dence offered by appellant, and in improperly instructing
the jury as above indicated, we will reverse its judgment
and remand this case for another trial, not inconsistent with
the views herein expressed.    Reversed and remanded.