WESTERN UNION TELEGRAPH COMPANY v. C. MORAN.

Decided October 28, 1908.

**1.—Telegram—Name of Sender—Delivery—Pleading.**

A telegram, notifying a wife of the death of her husband, was sent by one person in the name of another who was absent at the time; an answer to the telegram addressed to the party whose name was signed to it, requesting that the funeral be delayed, could not have been delivered to him in person because of his absence, but it would have been delivered to the party who sent the first message, and the purpose of the answer would have been accomplished. Pleading and evidence considered, and held to warrant the submission of this issue to the jury.

**2.—Same—Notice of Importance—Duty of Company.**

The fact that a telegraph company accepts for transmission a message which in and of itself gives notice of its importance, carries with it an implied obligation of prompt delivery.

Appeal from the Forty-fifth Judicial District, Bexar County. Tried below before Hon. J. L. Camp.

*Webb & Goeth,* for appellant.—There being no allegation in the petition that the plaintiff could or would have secured the services of any other person or persons except W. O. Robertson, who is named in the petition, in holding the body of her husband or postponing the funeral, the court was unwarranted in submitting to the jury a question as to what some other unknown and unnamed person or persons could or would have done if such person or persons had been advised of the contents of a message which it is alleged she would have sent to W. O. Robertson. Western U. Tel. Co. v. Swearingen, 95 Texas, 423-4; Western U. Tel. Co. v. Linn, 87 Texas, 7-13; Western U. Tel. Co. v. Byrd, 34 Texas Civ. App., 594; Western U. Tel. Co. v. Johnson, 67 S. W., 338; Western U. Tel. Co. v. Bowen, 97 Texas, 621; Western U. Tel. Co. v. Smith, 88 Texas, 9-13; International & G. N. Ry. Co. v. Cook, 33 S. W., 888-9; Alamo Ins. Co. v. Davis, 45 S. W., 605; Bradford v. Malone, 33 Texas Civ. App., 349; Western U. Tel. Co. v. Ayers, 41 Texas Civ. App., 627; Western U. Tel. Co. v. Fore, 26 S. W., 783-4.

It is not the duty of the court nor of the adversary party to collate detached parcels of a petition and construe them to supply averments which have been omitted by the pleader. Whitlock v. Castro, 22 Texas, 113; Yale v. Ward, 30 Texas, 22; Town on Pleadings, pp. 292-3-4-5.

*C. S. Robinson,* for appellee.—Plaintiff's petition was good against a general demurrer. Plaintiff alleged that she would have answered the telegram and would have gone to burial, and body would have been withheld from grave until she arrived; she was not required to plead the evidence by which she expected to prove these allegations. Texas & St.

Louis Ry. v. Ross & Co., 62 Texas, 447; Western U. Tel. Co. v. Lyman, 3 Texas Civ. App., 460; Sutor v. Wood, 76 Texas, 403; Russell v. Nall, 79 Texas, 664; McCauley v. Long & Co., 61 Texas, 79; Burks v. Watson, 48 Texas, 107; Western U. Tel. Co. v. Rowe, 98 S. W., 228; Ft. Worth & R. G. Ry. Co. v. Lindsey, 11 Texas Civ. App., 244; Mitchel v. Western U. Tel. Co., 5 Texas Civ. App., 527.

The court in the charge to the jury evolved the issue from the pleadings, and applied the facts in evidence, and charged the jury the law thereon, and there is no error in the court's charge. Western U. Tel. Co. v. Shaw, 90 S. W., 58; Fouts v. Ayers, 11 Texas Civ. App., 338; Maes v. Texas & N. O. Ry., 23 S. W., 725; Ft. Worth Ry. v. Linthicum, 33 Texas Civ. App., 375; Missouri, K. & T. Ry. v. Oslin, 26 Texas Civ. App., 370; Jones v. Western U. Tel. Co., 101 S. W., 809.

FLY, ASSOCIATE JUSTICE.—This is a suit for damages instituted by appellee, alleged to have accrued by failure to deliver within a reasonable time a certain message delivered to appellant, in which was contained information as to the death of her husband in Louisiana, and requesting instructions as to the disposition of the body. The cause was tried by jury and resulted in a verdict and judgment in favor of appellee for $1,400.

On the evening of September 7, 1906, the following telegram was delivered to appellant at Grosse Tete, Louisiana:

"Mrs. C. Moran, North Olive St.,
                    San Antonio, Texas.
  Mr. Moran dead. Advise disposition of remains, details by letter.
                              W. O. Robertson.
                                    10:35 p. m."

That message was delivered to Mrs. Moran between 11 and 12 o'clock on the morning of September 9, 1906. The body of Mr. Moran was buried at 6 o'clock p. m. on September 8, 1906. The deceased husband of appellee was working for W. O. Robertson at the time of his death, near Grosse Tete, Louisiana, which could be reached by railroad in twenty-four hours from San Antonio. The message was sent by Kendall, who was working for Robertson. Appellee immediately sent a telegram to W. O. Robertson on September 9th, asking as to what disposition had been made of the remains, and next day received a message that they had been buried at Rosedale, Louisiana. A reasonable time for the delivery of the message to appellee would have been two hours, and it was delivered in about forty hours. Robertson was not in Louisiana at the time of the death of appellee's husband and knew nothing about the message which was sent in his name to appellee. Mrs. Moran would have telegraphed for a postponement of the funeral had she received the message promptly, and the funeral would have been postponed.

The following allegations appear in the petition: "And plaintiff further says if defendant had delivered the message to her at any time during September 7th, or on the morning of September 8th, she would have at once answered the same by telegram and had her husband's re-

mains at once shipped to San Antonio, plaintiff's home, and the same could and would have reached San Antonio in time for plaintiff to have viewed and looked upon the face of her husband, and to attend and be present at his funeral, and the children of plaintiff and deceased to have viewed and looked upon the face of their father once more, or that plaintiff would have promptly telegraphed to W. O. Robertson to hold the body of her husband, that she would come to the burial, and she would have at once gone to Grosse Tete, La., with the children and been present at the funeral and burial of her husband, and the remains would have been withheld from burial until she, together with the children, could be present at the burial of her husband in Louisiana. Or plaintiff would have gone to Grosse Tete, Louisiana, and directed the disposition of her husband's remains or wired advice and made proper arrangements for his burial. But not receiving any answer from plaintiff to the aforesaid telegram, plaintiff's husband was buried by strangers at Grosse Tete, La., at about 6 o'clock p. m., September 8, 1906.

"That plaintiff desired to see her husband's face once more and to be present at his funeral, and desired that the children should once more look upon the face of their father, and be present at the funeral. But when plaintiff received said message it was impossible for her to have gone to the burial of her husband or have his remains shipped to San Antonio; the said message having been received too late. Plaintiff further says that had a message been telegraphed by her to W. O. Robertson in answer to the one sent to her under his name and received, stating that plaintiff desired the remains of C. Moran, her husband, shipped to San Antonio, that the same would have been promptly shipped as directed by plaintiff, and she would have had the funeral of her husband take place in San Antonio from her home, and she together with the children, could have attended the same, and they would have done so, or the body of her husband would have been kept out of the grave till she arrived in Louisiana and was present at the burial."

It is the contention of appellant that it was fundamental error for the court to instruct the jury as to their verdict if they found "that if she had sent such message the person or persons having charge of said body would have been advised of the contents of said message, if any, and would have postponed said burial." What appellant deems to be a fundamental error in the charge copied does not clearly appear, but we conclude from the statement that "the charge with reference to all other persons, except W. O. Robertson, submits an independent, material and indispensable question of fact not found in the petition" that it is the ground upon which claim of fundamental error is based. The claim is untenable. The allegations of the petition, while general, justify the charge.

The message to appellee was sent by one Kendall, the timekeeper of W. O. Robertson, in the name of the latter, who was at the time in San Antonio, Texas, and could not have received any reply to the message sent to him at Grosse Tete, Louisiana, and through the first assignment of error the claim is made that appellee should not recover because she could not, as alleged, have sent a message to Robertson in Louisiana. The assignment is without merit. If the message sent to appellee in the name of Robertson had been promptly delivered, and if a message

sent to him in reply would have been the means of keeping the remains of the deceased husband out of the ground until appellee could have reached them, it is utterly immaterial whether Robertson sent or authorized the sending of the message or not, or whether he would ever have seen a message in reply or not. The only question in this connection was, whether, if a message sent in the name of W. O. Robertson had been promptly delivered, appellee would have wired a reply which would have had the result of causing the body of her husband to be held until she could have seen it. It would not matter if W. O. Robertson was the veriest myth that the imagination could create, still if some one under that name was sending and receiving messages bearing on the death and burial of Christopher Moran, the allegations of the petition were answered by proof of such facts. When appellee did telegraph to W. O. Robertson a prompt answer was returned.

We can not sustain the contention, embodied in the second assignment of error, that "there is no evidence that the plaintiff would have telegraphed to W. O. Robertson to hold the body of her husband, as alleged in the petition." Mrs. Moran swore: "I would have sent them a telegram that I was coming at once, notified them, for the purpose of seeing his remains, to be at his funeral," and "I would have wired them to hold the remains, that I wanted to be present at the funeral. I would have gone immediately. I had the means to go and I would have gone." It is clear that appellee meant by "them" the person who had sent her the message, and the jury was fully justified in so finding.

The court did not err in charging the jury as to whether, if the message had been promptly delivered, appellee would have promptly notified W. O. Robertson by telegram to hold the body of her husband until she could reach the place where the body was held and be present at the funeral. She so alleged and she sustained the allegation by proof, which was not militated against by the fact that the real W. O. Robertson was in San Antonio. The man using his name was in Louisiana and he to all the intents and purposes of this case was W. O. Robertson.

The allegations of the petition were sufficient, in the absence of special exceptions, to justify the charge complained of in the fourth assignment of error. It was entirely proper under the allegations and evidence for the court to submit the issue as to whether the "person or persons having charge of said body would have been advised of the contents of said message." It was developed by the evidence that other persons than Robertson had charge of the body and the issue was as to whether a message to W. O. Robertson would have reached the person or persons, and whether he or they would have heeded the message. The petition was full and explicit enough to withstand a general demurrer and to justify the evidence upon which the charge was based. The authorities cited by appellant do not militate against the propriety of the action of the court below.

Appellee alleged that one W. H. Kendall had sent the message on which the suit is based, and had signed it "W. O. Robertson" and had paid the toll, and that appellant had contracted to deliver it promptly and had not done so, and that had she received that message promptly she would have telegraphed W. O. Robertson and the remains would have been held. It will be seen that appellee put appellant upon notice

that Robertson had not sent the message, but that another in his name had sent it, and that a message to Robertson would accomplish what she desired. If appellant desired a more definite allegation as to who would have received a message directed to W. O. Robertson, it should have invoked it through the medium of special exceptions. It is useless to argue that it would have been the duty of appellant to have delivered the message to W. O. Robertson in person and to no one else, in view of the fact that when the message was sent to Robertson it was delivered to someone else, and when the service message was sent, it went to Kendall. It seems that it was customary to deliver messages directed to Robertson to his employes. Appellant was fully informed by the petition as to what evidence it would have to meet. Appellant seeks by assignments in this court to reach supposed defects in the petition which could only be reached, in the usual and orderly course of practice through special demurrers. There is nothing in the petition that would lead to the conclusion that the holding of the body would depend upon W. O. Robertson, but on the other hand it clearly appeared that he did not send the message, and would not receive it in any other way than through the person sending the message. There is no allegation that W. O. Robertson would have held the remains as is contended by appellant.

The objection to the testimony of H. C. Lewis, is based on the predicate that the petition alleged that W. O. Robertson would, in answer to the message, have delayed the funeral, and there being no such allegation in the petition there is a necessary collapse of the objection. It was not definitely alleged that any certain person would have held the body, but the allegation was broad and general and sufficient to justify proof that Lewis would have held the body.

It was proper to prove that the message was sent by Kendall and that the employes in Robertson's camp were authorized to and did receive messages directed to him. Appellant is in no position to claim any surprise on these points when it is shown that in connection with the very message on which this claim for damages is based, it delivered two messages addressed to Robertson, to his employes. It shows that it was following an established custom, and if not, that it would have delivered any reply to the message from appellee to any employe of Robertson who applied for it, and Lewis did apply for the reply.

The circumstances tend to show that Kendall sent the message, and it appears from the telegram itself and from the facts of its delivery that appellant had accepted it and was cognizant of its importance. The facts were sufficient to show a contract to deliver with promptness. The very fact that the message was accepted and transmitted by appellant, carried with it an obligation of prompt delivery.

The issue was not raised by allegation or proof as to appellee's ability to reach Grosse Tete in time for the funeral, but the issue was, would appellee have been able to have postponed the funeral until she could have gotten there if the message had been promptly delivered. The evidence tended to show that she could have postponed the interment until she reached Grosse Tete. The whole of appellant's argument is based on the fallacious premise that appellee's case is destroyed by proof that Robertson was not in Louisiana and could not have received

any messages. As the case was developed it did not matter where he was, nor that he would not have received any message sent to him in Louisiana. The man who sent the message was there, and would have received any messages directed to Robertson, and would probably have postponed the burial. The judgment is affirmed.

*Affirmed.*

Writ of error refused.