J. T. DUNAHOO, Plaintiff in Error, v. KENNETH B. BESS, Doing Business as Bess Funeral Home, Defendant in Error.

200 So. 541

Division A

Opinion Filed February 18, 1941

*Murrell & Malone* and *Arnold Rubin,* for Plaintiff in Error;

*Hendricks & Hendricks,* for Defendant in Error.

ADAMS, J.—The plaintiff filed his declaration in two counts. The first is for breach of contract. The second is for simple negligence. Both counts allege in substance the death of plaintiff's wife; the delivery of the body to the defendant, a skilled and licensed embalmer, for embalming and shipment. That compensation was charged and received and the contract was breached in that the body was embalmed in a careless and negligent manner causing plaintiff mortification wherefore he asked damages for mental anguish, cost of embalming and transportation to point of shipment.

The lower court was of the opinion that the action could not lie and the case is here on writ of error to judgment on demurrer sustained to declaration.

For the decision of this case we feel called upon to consider two questions. First, does the surviving spouse have a property right in the corpse of the other sufficient to predicate an action for trespass or wrong committed thereon? Second, will the law of Florida sustain an action by the surviving spouse for mental anguish unconnected with physical injury under the stated facts?

The first question is easily answered in the affirmative. The right of the surviving spouse to have, protect and dispose of the remains of the other is a right recognized by law. Foley v. Phelps, 37 N. Y. S. 471; Larson v. Chase, 50 N. W. 238, 14 L. R. A. 85 (Minn.), 15 Am. Juris., Sec. 9, Dead Bodies; 82 Fed. 2nd 799; 97 Ill. App. 24; 76 So. 288 (Ala.); 17 C. J. 1139; 8 R. C. L. 684; So. Life &

Health Ins. Co. v. Morgan, 105 So. 161 (Ala.); England v. Central Pocahontas Coal Co., 104 S. E. 46, 17 C. J. 1139, 8 R. C. L. 684 (W. Va.); Patrick v. Employers Mutual Liability Ins. Co., 118 S. W. (2nd) 116 (Mo.); Morrow v. Cline, 190 S. E. 207 (N. Car.); Spiegel v. Evergreen Cemetery Co., 186 Atl. 585; Ekles v. So. R. R. Co., 61 S. E. 278, 16 L. R. A. (N. S.) 405 (N. Car.).

The second question is whether the law of Florida will sustain an action for mental anguish unconnected with physical injury under the stated facts.

If we are to uphold this right of action we must base it upon some authority of law. We are without the power to sustain a right of action on our personal idea of the right or wrong of the matter in controversy. We look first to the Constitution and statutes of our State and find no authority there to rest the action. We next turn to the unwritten or common law. Section 87, C. G. L. 1927:

"87. (71) Common law and certain statutes declared in force. The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the fourth day of July, 1776, are hereby declared to be of force in this State: Provided, the said statutes and common law be not inconsistent with the Constitution and laws of this State."

The plaintiff bases his right of action on a breach of contractual duty and ordinary or simple negligence in the discharge of that duty and as a proximate result thereof claims he has suffered financial loss and mental anguish. His contention is supported by a well recognized line of authority. Larson v. Chase, 47 Minn. 307, 50 N. W. 238, 14 L. R. A. 85; Birmingham Transfer & Traffic Co. v. Still, 7 Ala. App. 556, 361 So. 611; Loy v. Reid, 11 Ala. App. 231; Brown Funeral Homes & Ins. Co., 226 Ala. 661,

·148 So. 154; Relle v. Western Union Telegraph Co., 55 Texas 308, 40 Amer. Rep. 805.

This line of authority was crystallized into what is known as the Texas doctrine or mental anguish doctrine because it originated there. Western Union v. Moran, 52 Texas Civ. App. 117, 113 S. W. 625. Some of the courts adopting that view go upon the theory that the common law in that regard is abrogated or is inapplicable to such conditions. Others say the common law is alive and elastic to this ·changed condition of a progressive American life. Mentzer v. Western Union, 93 Iowa 752, 28 L. R. A. 72, 62 N. W. 1.

We have held there is a property right in the corpse and Section 4 of our Declaration of Rights guarantees a right of action for any injury done to property, yet that part of ·our Constitution was in ·force when this Court· decided International Ocean Telegraph Co. v. Saunders, 32 Fla. 434, ·14 So. 148, 21 L. R. A. 810. This Court in that opinion expressly repudiated the so-called Texas rule for the reason that the damages claimed were too remote and speculative. We are impressed with the reason and logic of the well reasoned opinion in that case. There is reason for caution inasmuch as some of our sister States have felt disposed to recede from the Texas rule. See Western Union v. Ferguson, 54 L. R. A. 846.

This identical question has never been before our Court. The cases elsewhere are in hopeless conflict. Most however can be distinguished on the facts. They are collected and discussed pro and con at great length in the opinions and dissenting opinions in the following cases: Western Union Telegraph Co. v. Chouteau, 1912D Ann. Cases 824, 28 Okla. 664, 115 Pac. 879; Wesern Union Telegraph Co. v. Howard Ferguson (Ind.), 54 L. R. A. 846.

We think this Court has decided the principle of law

controlling this case in International Ocean Telegraph Company v. Charles Saunders, *supra*.

There the defendant neglected to deliver a telegraph message summoning plaintiff to the deathbed of his wife. This Court in that case stated its inability in reason and logic to follow the Texas rule. The Court also pointed out its want of power to recognize the action in the absence of legislative authority. Following that decision the Legislature did see fit to provide appropriate relief. Chap. 6522, Acts 1913; Sec. 6352 C. G. L. 1927. No such legislative action has been cited to sustain this kind of action.

The plaintiff claims $328.60 damages, being the amount paid under alleged contract for embalming and cost of shipment, which amount did not bring the case within the jurisdiction of the circuit court. Of this we make no comment other than to say that we find no error in the judgment and the same is affirmed without prejudice to the plaintiff to prosecute any action he may have for a breach of the alleged contract in a court of competent jurisdistion.

Affirmed.

BROWN, C. J., WHITFIELD and CHAPMAN, J. J., concur.