93 So.2d 860 (1957)
FOOD FAIR STORES OF FLORIDA, incorporated, a corporation, Appellant,
v.
Forrest H. MACURDA and Cherie K. Macurda, his wife, Appellees.
Supreme Court of Florida, Division A.
March 27, 1957.
L.S. Julian, Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for appellant.
Walsh, Simmonite, Budd & Walsh, Miami, for appellees.
THORNAL, Justice.
Appellant Food Fair, defendant below, seeks reversal of a judgment for $3,000 in favor of appellees Macurda, plaintiffs below, in an action for damages for alleged breach of an implied warranty.
We are called upon to determine what it is worth in damages to find worms and segments of worms in a half-consumed serving of canned spinach.
Appellant, Food Fair, sells food at retail. Mrs. Cherie Macurda purchased a can of "fancy" spinach at appellant's store. The next evening she cooked the spinach and served a goodly helping to her husband, Forrest, and herself. When she had half-consumed her serving, she glanced at her plate. To her "horror" a worm adorned the remaining portion of spinach. Investigation revealed numerous "segments" of worms in the remainder. Forrest Macurda had by this time consumed practically his *861 entire helping. A check on the spinach can produced a green worm about three-fourths of an inch long. Mrs. Macurda immediately started vomiting. Then Mr. Macurda took his turn at regurgitating. Healthy doses of milk of magnesia were absorbed. Mrs. Macurda, a recent mother, experienced nausea and abdominal pains until noon the next day. Mr. Macurda experienced nausea, abdominal pains and diarrhea for about three days. There were no doctor bills or loss of wages. Spinach, which was formerly a favorite food, has now become a noxious substance to these people. Alleging breach of an implied warranty to sell them food fit for human consumption, appellees sued. The jury gave them jointly a verdict for $3,000. Judgment followed this verdict. Reversal of the judgment or entry of a remittitur is here sought.
Appellant contends that the illness of appellees was the product of psychological reactions rather than physical injury. It is further contended that the amount of the verdict is excessive to the point that it should shock the judicial conscience with a resultant reversal or remittitur.
Appellees contend that there was basis for legal liability and that the evidence adequately supported the verdict of the jury which should not be disturbed.
Appellant points to the growth and importance of the food canning and processing industry. We are then urged to protect the industry against allegedly excessive verdicts. This should be done, we are told, because of a potentially adverse influence on the development of the canning industry. It is insisted that unduly large verdicts in cases of this nature reflect upon the reputation of the industry and in the ultimate places the financial burden on the consumer who buys the product.
While all of this may be true, we cannot measure the rights of these appellees by the suggested standard. In Sencer v. Carl's Markets, Inc., Fla. 1950, 45 So.2d 671, we held that a retailer selling canned food products to the public may be held liable on an implied warranty for injuries sustained by a purchaser because of unwholesome substances in the product.
The evidence here clearly supports the conclusion that the can of spinach was crawling with worms. Can the worms be considered deleterious, unwholesome or unfit for human consumption?
Admittedly we are not connoisseurs of cuisine that qualifies us to view as delicacies some foodstuffs that might be indigestible by others. To certain tribes of American Indians we understand that such creatures as worms, grasshoppers, snails and the like are acceptable as delicious morsels of food. We are told that canned Mexican worms grace the shelves of many delicatessens and in certain swank social levels, which few of us ever reach, it is said that roasted snails are available with the trays of hors d'oeuvres at the pre-dinner cocktail party. However, for the masses who have moved ahead of the Indians but who perhaps have not yet reached the "snail set," such invertebrates as worms and snails are generally frowned upon as totally unwholesome and unfit for human consumption. Indeed they are in a class with roaches, mice, flies and other nauseous intruders that the cases indicate have at times found their way into bottles, cans or other foodstuff containers. We therefore hold that worms such as those revealed by the photographic exhibits here are deleterious and unfit for human consumption.
Appellant further contends that the psychological reactions of appellees rather than the worms themselves produced the vomiting, stomach pains and diarrhea. We are asked to apply the rule of Dunahoo v. Bess, 146 Fla. 182, 200 So. 541, and similar cases, to the effect that damages will not be awarded for mental suffering absent physical injury where no statute authorizes such an award. The rule is *862 sound but inapplicable here. The jury heard evidence from which they could properly infer that both appellees had consumed their full share of worms and that this rather than psychogenic reactions produced their illness.
Finally, it is contended that the amount of the verdict is shockingly excessive indicating that the jury was persuaded by sympathy and passion rather than facts and law. We are asked to set it aside or order a remittitur. Ordinarily the amount of damages rests with the jury's discretion exercised within the limits of the facts and the law applicable. This Court will not upset a jury damages award for alleged excessiveness unless it can be said that the excess is such as to shock the judicial conscience, or indicates that the jury has predicated its conclusion on passion or prejudice. S.A. Freel Distributing Co., Inc., v. Lenox, 147 Fla. 550, 3 So.2d 157.
In the instant case it should be noted that this was a joint verdict for both plaintiffs. It may be that sitting as jurors the members of this Court would not have arrived at the same figure. We are willing to concede that it is certainly adequate and may be a little high. That, however, is not the test of our appellate authority in the matter. The line between mathematical accuracy and reasonable discretion is often exceedingly difficult to delineate. Despite the plausible and persuasive arguments of appellant's able counsel (who suggested in oral argument that $100 for each meal of worms would be more than adequate), we are not convinced that the amount of the verdict is so shocking that we should exercise the extreme power to set it aside.
We have not overlooked the cases cited showing smaller verdicts in similar cases from other courts. If we were fixing the amount of the award in the first instance they would be most persuasive. Viewing them as an appellate court, however, the disproportion between the analogies and the case at bar is not sufficient to force us to conclude that the jury here was motivated unduly by passion or prejudice. After all, that is the test.
The judgment is affirmed.
TERRELL, C.J., and THOMAS and ROBERTS, JJ., concur.