### MILLER v. FOOD FAIR STORES, Inc., et al.
No. 128810.
Small Claims Court, Dade County.
December 5, 1964.

Howard N. Pelzner, Miami, for plaintiff.

Shutts, Bowen, Simmons, Prevatt, Boureau & White, Richard M. Leslie of counsel, Miami, for defendants.

SIDNEY L. SEGALL, Judge.

Judgment is rendered for the plaintiff for $350 and $13 costs against the defendant Food Fair Stores, Inc., a Pennsylvania corporation, and the defendant California Packing Corporation, a California corporation.

The evidence is legally sufficient to establish liability. The credible evidence reveals the following material facts—

Plaintiff purchased a can of Del Monte spinach at defendant's store. After heating it, plaintiff opened the can and started eating the contents. While eating the spinach he felt "something in his mouth", "spit it out and found a grasshopper". He became nauseous and vomited. He put the grasshopper back in the can with the spinach, took the same to defendant store and showed it to the store manager, and Mr. Schuette, manager of the local distributor of Del Monte products.

Plaintiff's physician, Dr. Bolker, a specialist in internal medicine, testified that he treated plaintiff for acute gastroenteritis following food consumption of canned spinach which contained foreign matter, namely, a grasshopper; that there was tenderness in the abdomen; that plaintiff complained of nausea and incidental vomiting; that he gave plaintiff an anti-spasmodic medicine, and prescribed rest and effervescent fluids, such as ginger ale or coke; that plaintiff complained that he would become nauseous whenever he attempted to eat spinach; that this condition subsided, and plaintiff returned to his normal eating habits in two weeks.

The credible evidence further shows that plaintiff incurred medical expense in the aggregate sum of $55 for medical services during a period between the 29th day of April, 1964 and the 8th day of May, 1964.

The weight of the credible evidence compels a finding that plaintiff sustained a traumatic injury together with physical pain and suffering directly and proximately caused by consumption of canned spinach, which contained foreign matter, to-wit, a grasshopper, purchased by plaintiff from defendant's store, which said matter was deleterious.

Defendant's witness, Mr. Schuette, local manager of defendant California Packing Corporation, manufacturer of Del Monte brand spinach, testified that plaintiff brought him a grasshopper and stated that he had "chewed into a piece of foreign matter and spit it out." A grasshopper was offered and admitted in evidence (defendant's exhibit 1).

Defendant contends that the grasshopper in evidence (defendant's exhibit 1) was not masticated, i.e., that it is still in one piece, a whole grasshopper. Defendant urges, in effect, that the court should draw the inference that plaintiff had no contact with the grasshopper, and the further inference that plaintiff did not, in fact, find any grasshopper in the canned spinach. The final inference, therefore, which may be reasonably drawn is that

plaintiff's story is a mere figment of his imagination, or that plaintiff's testimony as to what actually happened is a fabrication, or, at most, incredible. This contention is not supported by the credible evidence.

Defendant has offered no competent proof to contradict the testimony that plaintiff found a grasshopper in the canned spinach during the time he was in process of eating or chewing the spinach. While it may be true that plaintiff's bite was not strong enough to cut the grasshopper in half, the credible evidence shows that he did, in the process of eating the spinach, come into contact with foreign matter (a grasshopper).

The issue herein is governed by the principle of law recognized and applied by the Florida Supreme Court in Food Fair Stores of Florida v. Macurda, 93 So.2d 860.

The weight of the credible evidence compels a finding that there has been a breach of the implied warranty as to the purity of the product (canned spinach) on the part of defendants herein.

On the basis of the foregoing, plaintiff is entitled to recover and damages are awarded in the above stated amount which the court finds to be fair and reasonable.