QUESTION: Does a public or private hospital have the legal authority to require the personal appearance of a spouse or next of kin before releasing a deceased body to a designated funeral director?
SUMMARY: The appointment or designation of a funeral director by the spouse or next of kin to claim a deceased body creates a fiduciary relationship with the funeral director acting with the consent of and at the direction of the legally entitled person or persons having custody of the body. The funeral director must be given specific authority to claim the dead body by one who is legally entitled to its custody. Private and public hospitals have the authority to establish reasonable rules regarding the releasing or claiming of dead bodies and, when reasonable to do so, may require the personal appearance of the spouse or next of kin before releasing such body. When a hospital requirement of personal appearance places an undue burden on the family to comply, such rule may be impractical and unreasonable. Hospitals and funeral homes should make agreements along the guidelines in ss. 470.12(1)(f) and (2)(l) and 872.04(1) and (2), F.S., allowing written consent and telegrams to be used as authorization for release of a dead body. It is my understanding that the practice has been in many counties for the funeral directors to get the spouse or next of kin to sign a release form authorizing the hospital to release a dead body to the funeral home, or, in the case of the spouse or next of kin being outside commuting distance or unable to appear for personal release, to send a telegram designating the funeral director to whom the dead body is to be released. You have also advised that various hospitals now refuse to accept such release forms or telegrams but require the personal appearance of the spouse or next of kin in order for the body to be released to a funeral director. Further, it is my understanding that both public and private hospitals have refused to recognize such release forms or telegrams and refuse to release the dead bodies unless the surviving spouse or the next of kin personally appears at such hospitals. It has been held that there is a property right in the corpse. Dunahoo v. Bess, 200 So. 541 (Fla. 1941). In Dunahoo, the court answered the question whether a surviving spouse has a property right in the corpse sufficient for bringing an action in trespass, thusly: "The right of the surviving spouse to have, protect and dispose of the remains of the other is a right recognized by law." (Id. 200 So. 541, 542 and cases cited therein.) It has been recognized that in the absence of testamentary disposition to the contrary, a surviving spouse or next of kin has the right to the possession of the body of a deceased person for the purpose of burial, sepulcher, or other lawful disposition which he or she may see fit to give the body. Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950). The authority of the spouse or next of kin to appoint a funeral director to claim and take possession of a deceased body for those legally entitled to its custody and to prepare the body for burial or other rituals can be implied from the possessory right to the body. Thus, the spouse or next of kin having the possessory right to the body may authorize a funeral director to claim or obtain the body and to prepare, bury, cremate, inter, or transport it to its final resting place since the spouse or next of kin would be under a duty to do so. [See] 22 Am.Jur.2d Dead Bodies s. 4. Rule 21J-7.03(a), F.A.C., regarding control of dead bodies provides: (a) No licensee [Funeral Director] shall, directly or indirectly, assume control of any dead body without having first obtained authority therefor from the person or persons lawfully entitled thereto, being the next of kin or other responsible representatives, or, in a proper case, a coroner, health officer or other public official lawfully entitled to such control. Provision is also made that a licensee (funeral director) in charge of a dead body shall be governed by the directions of those lawfully entitled to such control as to all matters relating to the preparation, handling, and final disposal of such body (including all steps in preparation, autopsy, embalming, dressing, viewing, photographing, type of clothing, casket, box or vault, cremation, time, place, type, and manner of funeral services and burial or other customary disposal). Rule 21J-7.03(b), F.A.C. Thus, it appears the appointment or designation of a funeral director creates a fiduciary relationship wherein the funeral director acts as a representative of the spouse or next of kin with the consent of and at the direction of those lawfully entitled to the body and not as an independent contractor or independent agent. Further, a review of several consent forms used to authorize the hospital or other agency to deliver the deceased body to a funeral director merely authorizes and directs the funeral director to take charge of the remains of the decedent. These consent forms appear to authorize the funeral director to act for and at the direction of the spouse or next of kin in obtaining or claiming the body and bestows no independent power or authority upon the funeral director. Hence, the funeral director must get specific authority from those legally entitled to the body before he or she can claim or possess the dead body for the kinfolk or person legally entitled to the body. There are no statutory provisions regarding the release of a dead body to the representative of the spouse or next of kin similar to provisions in ss. 470.12(1)(f) and (2)(l), and 872.04, F.S. In the aforementioned sections, the legislature makes specific provision for the type of consent required for release of a body by embalmers and funeral directors and the consent required for an autopsy. Release and consent in these sections require a written statement or telegram from the legally entitled person before any release of the body or autopsy can commence. Having carefully researched this matter, I can find no statutory authority regarding the release of dead bodies by private or public hospitals. Insofar as private hospitals occupy the status of and function as private corporations, matters pertaining to the management and operation thereof are governed by the rules that are applied in the case of private corporations generally, except as modified by statute. West Coast Hospital Association v. Hoare,64 So.2d 293 (Fla. 1953). Consequently, it must be presumed in the absence of legislative expression to the contrary that private hospitals may establish reasonable rules regarding the claiming and releasing of dead bodies and the nature of the evidence empowering the funeral director to act as the representative of the person or persons legally entitled to claim or take custody of the body. These rules, if reasonably established, may require either the spouse or next of kin to personally appear before releasing a deceased body to the custody of a funeral director. However, such rules must be practical as discussed below in this opinion. Section 155.10, F.S., provides: The Board of Trustees shall adopt reasonable by-laws, rules and regulations for their own guidance and for the government of the hospital as may be deemed expedient for the economic and equitable conduct thereof, not inconsistent with the law, or the ordinance of the city or town wherein such hospital is located. From the above statutory language, public hospitals have the authority to promulgate policies regarding the release of dead bodies and to determine the nature of the evidence empowering a funeral director to act as the representative of the spouse or next of kin in claiming and taking custody of the deceased body. Again, if reasonably established, I can determine no statutory authority or decisional case law that would prohibit a public hospital from requiring the spouse or next of kin to personally appear before releasing a dead body to the custody of a funeral director. Although both private and public hospitals appear to have the authority to require the appearance of the spouse or next of kin before releasing a deceased body to a funeral director, it would seem impractical and in some instances unreasonable to require such an appearance, especially when there is no spouse or next of kin in the state or possibly in the country. I am positive that most hospital administrators recognize that our state is a tourist state having many nonresidents entering its borders; also, our state attracts many retirees whose families are located elsewhere. To require families of these nonresidents and retirees to personally appear in order for the deceased body to be released may impose an undue hardship on the family and may be in appropriate cases unreasonable. As mentioned earlier, the legislature has established a procedure whereby the embalmer or funeral director must release dead bodies upon request accompanied by a telegram or a statement in writing of the next of kin or such other person as may be authorized by law to make arrangements for the funeral of the deceased. Section 470.12(1)(f) and (2)(l), F.S. Similarly, s. 872.04(1) and (2), F.S., provides for written consent (may be by telegram) of the spouse, nearest relative, or, if no such next of kin can be found, the person who has assumed custody of the body for burial or for an autopsy to be performed. It is stated in s. 872.04(2) that any telegram purporting to have been sent by the person authorized to give such consent will be presumed to have been sent by such person. Thus, it seems that agreements along the guidelines set forth above could be established between the hospitals and the funeral directors regarding the release or claiming of dead bodies, thereby resolving this matter. Therefore, I am of the opinion that once the properly executed document (hospital release form, telegram, power of attorney, etc.) and the execution of such document has been acknowledged or verified, if required, the document should be accepted and acted upon by the private or public hospital. Subsequently, if it is found that the document was not authorized by the person or persons legally entitled to the body, the appropriate legal action could be taken against the funeral director. Contrarily, where there is sufficient indicia to put the hospital on notice that the body should be released to a designated funeral director authorized by the spouse or next of kin or person legally entitled to the dead body, appropriate legal action may be taken by such person for recovery of the body and any damages caused thereby. It would be most desirable if the funeral directors and the various hospitals could make some arrangements for the release of dead bodies to an authorized funeral director upon the proper presentation of a signed written release form, telegram, or power of attorney, thus sparing the spouse or next of kin further mental anguish and permitting the body to be disposed of at the earliest convenient date.