363 So.2d 388 (1978)
Stanley PRZYBYSZEWSKI, Sr., As the Father and Administrator of the Estate of Ronald Przybyszewski, Deceased, Appellant,
v.
METROPOLITAN DADE COUNTY, a Political Subdivision of the State of Florida, D/B/a Dade County Medical Examiner's Office and American Home Assurance Company, Appellees.
No. 77-2209.
District Court of Appeal of Florida, Third District.
October 3, 1978.
Rehearing Denied November 9, 1978.
*389 Mark J. Feldman, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and Henry Burnett, Miami, for appellees.
Before PEARSON, HENDRY[*] and KEHOE, JJ.
PER CURIAM.
Stanley Przybyszewski was the plaintiff in the trial court. He sued Dade County upon an allegation that the County, through its Medical Examiner's Office, willfully and maliciously interfered with plaintiff's right to possess the body of his dead son. The son was killed in an automobile accident. The son's body was mistakenly identified by police and later by a relative of another person killed, to be that of the other person.
After a trial before a jury, at which the court reserved ruling on the defendant's motions for a directed verdict, the trial judge allowed the cause to go to the jury. The jury returned a verdict for the plaintiff. The court then granted the defendant's motion for a directed verdict and entered judgment for the defendant.[1] This appeal followed.
The plaintiff claims that he established a prima facie case of negligence and that malice may be inferred from that negligence. He relies upon Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950). We find that case inapplicable to the evidence in the present case. In Kirksey, the Supreme Court dealt with the sufficiency of the initial pleading and pointed out that the general rule that there can be no recovery for mental pain and anguish unconnected with physical injury arising out of the negligent breach of contract would not apply when the case was fully in tort and the wrongful act is such as reasonably to imply malice.
If the plaintiff proved any negligence in the instant case, it could not be found by reasonable men to have been more than slight negligence. The decision of the trial judge followed the law as set forth in Brooks v. South Broward Hospital District, 325 So.2d 479 (Fla. 4th DCA 1975).
Affirmed.
NOTES
[*] Judge Hendry participated in the decision in this case but did not hear oral argument.
[1] The trial judge found:

* * * * * *
"... the Court having heard argument of counsel and being of the opinion that the plaintiff failed to present evidence establishing a prima facie case of conduct on the part of these defendants sufficient to support the claim asserted herein, and being of the further opinion that the verdict as returned by the jury was and is against the manifest weight of the evidence, ..."
* * * * * *