GUNTHER, Judge.
Plaintiffs/appellants appeal the summary final judgment and the order denying the plaintiffs’ motion for rehearing and clarification of summary judgment. We reverse.
Plaintiffs claim damages for emotional distress caused by viewing the deceased’s remains in the alleged “horrible condition” created by Funeral Home (Count I), and breach of contract (Count II).
Appellants, Phyllis Ingaglio and Cheryl Tillberg (plaintiffs), were respectively the spouse and daughter of the deceased Richard P. Ingaglio. Plaintiffs made arrangements with appellee, Kraeer Funeral Home (Funeral Home), to have the deceased’s remains removed from the residence and prepared to be shipped to Philadelphia, Pennsylvania, for viewing and burial.
Plaintiffs first viewed the deceased’s remains in Philadelphia. According to plaintiffs, deceased’s remains were in a horrifying condition. The clothing was not altered to fit. The cosmetics were applied in unnatural colors. The deceased’s hair and moustache were colored orange. One eye bulged out and was improperly closed. Deceased’s mouth was left open. Also, depositions of employees of the Pennsylvania Burial Company contained testimony that the deceased’s remains had not been properly prepared and had decomposed because of inadequate embalming by Funeral Home.
Funeral Home employees claimed that the deceased’s remains were prepared properly and denied any wrongdoing. Funeral Home was granted a summary judgment on the grounds that plaintiffs could not recover under Florida law for mental and emotional distress alone. We reverse.
Appellee acknowledges that the trial court erred in dismissing Count II, the breach of contract action. Accordingly, we reverse summary judgment as to Count II.
As to Count I, we disagree that Brown v. Cadillac Motor Car Div., 468 So.2d 903 (Fla.1985) and Champion v. Gray, 478 So.2d 17 (Fla.1985) extinguished the cause of action for tortious interference with dead bodies. Plaintiffs pleaded a cause of action for tortious interference with dead bodies. Under Florida law, damages for pain, suffering, and mental anguish cannot be recovered absent some impact or physical injury unless willful, wanton, or malicious behavior is shown. Sherer v. Rubin Memorial Chapel, Ltd., 452 So.2d 574 (Fla. 4th DCA 1984). Malicious behavior can be implied or imputed from an entire want of care or great indifference to others. Sherer at 575.
The issue in the instant case is whether the record reveals sufficient facts from which a jury could imply or impute malice to Funeral Home. We conclude the record does contain genuine issues of material fact as to whether Funeral Home’s conduct exceeded all bounds reasonably tolerated by society from which the jury could imply malice for the entire want of care or great indifference by Funeral Home. Accordingly we reverse summary judgment as to Count I.
REVERSED AND REMANDED.
GLICKSTEIN and DELL, JJ., concur.