626 So.2d 1030 (1993)
Jesus GONZALEZ and Zoila Gonzalez, Appellants,
v.
METROPOLITAN DADE COUNTY PUBLIC HEALTH TRUST, Appellee.
No. 92-1462.
District Court of Appeal of Florida, Third District.
November 9, 1993.
Fleitas & Bujan, and Jesus F. Bujan, Miami, for appellants.
Robert A. Ginsburg, Dade County Atty., and Ronald J. Bernstein and James J. Allen, Asst. County Attys., for appellee.
Before NESBITT, FERGUSON and COPE, JJ.
FERGUSON, Judge.
The question presented in this appeal is whether plaintiffs may recover damages for emotional distress caused by a tortious interference with a dead body, on allegations and proof that the morgue at Jackson Memorial Hospital negligently delivered a wrong body of an infant to a funeral home, which was *1031 funeralized by the plaintiffs, where the plaintiffs suffered no physical impact.

Facts
The Gonzalezes' newborn daughter died at Jackson Memorial Hospital on November 7, 1988. In accordance with the parents' contract with Rivero Funeral Home, Inc., funeral services and a burial were performed on November 9. Two months later, the Gonzalezes were notified that the child funeralized and buried in November was not their child. The body of their daughter was still in a refrigerated drawer at the Jackson morgue.
After a second funeral and a proper burial of their daughter, the Gonzalezes filed an action against Dade County alleging tortious interference with a dead body and negligent infliction of emotional distress. It is conceded that the plaintiffs suffered no physical impact and that the defendant's acts were not willful.[1] Summary judgment was granted for the County on the ground that absent a physical impact, a plaintiff making a claim for emotional distress in an action for tortious interference with a dead body must prove that the defendant's conduct was extreme and outrageous, so as to imply malice. The court found that the County's conduct, although negligent, was not intentional or grossly negligent, as a matter of law.
The Gonzalezes' primary contention on appeal is that under Florida law there is no impact requirement in cases dealing with the tortious interference with a dead body.
The seminal Florida case addressing the viability of a claim for damages for mental anguish suffered as a result of a negligent interference with a dead body is Dunahoo v. Bess, 146 Fla. 182, 200 So. 541 (1941). There the supreme court held that under Florida law, a surviving spouse has a property right in the remains of the deceased spouse. The court refused, however, to award damages for mental anguish caused by a negligent interference with that right, reasoning that such damages were too remote and speculative. 200 So. at 543.
Dunahoo was followed by Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950). Kirksey reaffirmed the rule that damages are not recoverable for emotional distress, unconnected with physical injury, where the distress was caused by a negligent interference with a dead body. Id. at 189. According to Kirksey, however, such damages are recoverable, on a tort theory, where "the wrongful act is such as to reasonably imply malice, or where, from the entire want of care of attention to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages." Id. See generally Percival E. Jackson, The Law of Cadavers ch. VI, at 144 (1950) (In cadaver cases, when the wrong is accompanied by willful or wanton conduct, recovery is allowed for mental anguish).
Thereafter, a long line of Florida cases, never overruled, have held that there can be no recovery for mental anguish, in an action based on negligent mishandling of a corpse, where the claimant has suffered no physical impact. E.g., Baker v. Florida Nat'l Bank, 559 So.2d 284 (Fla. 4th DCA), rev. denied, 570 So.2d 1303 (Fla. 1990); Kirker v. Orange County, 519 So.2d 682 (Fla. 5th DCA 1988); Ingaglio v. Kraeer Funeral Home, Inc., 515 So.2d 428 (Fla. 4th DCA 1987); Smith v. Telophase Nat'l Cremation Soc'y, Inc., 471 So.2d 163 (Fla. 2d DCA 1985); Ponton v. Scarfone, 468 So.2d 1009 (Fla. 2d DCA), rev. denied 478 So.2d 54 (Fla. 1985); Sherer v. Rubin Mem. Chapel, Ltd., 452 So.2d 574 (Fla. 4th DCA 1984); Scheuer v. Wille, 385 So.2d 1076 (Fla. 4th DCA 1980); Trueba v. Pershing Indus., Inc., 374 So.2d 47 (Fla. 3d DCA 1979); Estate of Harper v. Orlando Funeral Home, Inc., 366 So.2d 126 (Fla. 1st DCA 1979); Brooks v. South Broward Hosp. Dist., 325 So.2d 479 (Fla. 4th DCA 1975), cert. denied, 341 So.2d 290 (Fla. 1976); Jackson v. Rupp, 228 So.2d 916 (Fla. 4th DCA 1969), approved, 238 So.2d 86 (Fla. 1970).
*1032 In support of their claim for damages, appellants rely chiefly on three recent Florida cases and the Restatement (Second) of Torts § 868 (1979). The cases cited by appellants, Halpin v. Kraeer Funeral Homes, Inc., 547 So.2d 973 (Fla. 4th DCA 1989), rev. denied, 557 So.2d 35 (Fla. 1990), Williams v. City of Minneola, 575 So.2d 683 (Fla. 5th DCA), rev. denied, 589 So.2d 289 (Fla. 1991), and Mallock v. Southern Mem. Park, Inc., 561 So.2d 330 (Fla. 3d DCA 1990), are easily distinguishable from the instant case because they involve claims for outrageous and malicious acts by the defendant. As such, those cases fall under the rule set forth by Kirksey v. Jernigan which excludes the impact requirement where malicious conduct is shown.
Restatement (Second) of Torts § 868 (1979) does support appellants' position. According to the Restatement:
One who intentionally, recklessly or negligently removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to a member of the family of the deceased who is entitled to the disposition of the body.
Comment (d) to section 868 provides that the section encompasses negligent acts. "Thus an undertaker who negligently embalms the body, a carrier that negligently transports it or an automobile driver who negligently collides with the hearse and dumps the corpse out onto the highway will be subject to liability, if the result is harm to the body or prevention of its proper burial or cremation." Comment (a) states that there is no need to show that the mental distress resulted in physical consequences. Under the Restatement's view, therefore, the appellants could state a cause of action for interference with a dead body based on the hospital's negligent handling or delivery of their child's remains to the undertaker. Because negligence was not disputed in pretrial proceedings it appears that, under the Restatement, the Gonzalezes could prevail on the claim.
The threshold issue, therefore, is whether Florida has explicitly or implicitly adopted the Restatement view  a position that is clearly contrary to traditional Florida case law. Only two Florida cases have mentioned section 868 and neither case depends on the Restatement's position in reaching its holding.
The supreme court in State v. Powell, 497 So.2d 1188 (Fla. 1986), reiterated that Florida was consistent with the majority of states in recognizing that an action for tortious interference with a corpse is grounded on tort rather than property principles. As authority for that position, Powell cites to Kirksey. In a footnote to that statement, the court sets forth the Restatement definition of the tort. The footnote reference to section 868 cannot be interpreted as an implicit overruling of Dunahoo v. Bess because overruling Dunahoo was not necessary to the result in Powell where the issue was simply whether interference with a corpse implicated a constitutional property right.[2] "[A]n intention to overrule a number of longstanding precedents should be expressed in plain and explicit terms ... a subsequent decision cannot by mere implication, be held to overrule a prior case unless the principle is directly involved and the inference is clear and impelling." 20 Am.Jur.2d Courts § 232 (1965).
In Williams v. City of Minneola, 575 So.2d 683 (Fla. 5th DCA 1991), the fifth district cited to the Restatement but, again, reliance on the Restatement position was not necessary to the result as the plaintiffs alleged, and the facts showed, malicious and outrageous conduct by the defendants. Further, although district courts may recognize new causes of action where there has been no definitive pronouncements on the question by the supreme court, Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277 (Fla. 1985), see also Miller v. Allstate Ins. Co., 573 So.2d 24 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 1307 (Fla. 1991), they may not do so where the high court, squarely presented with the question, has rejected the theory. See Belcher *1033 Yacht, Inc. v. Stickney, 450 So.2d 1111 (Fla. 1984).
Florida's position regarding damages for mental anguish resulting from negligent interference with a corpse is consistent with the view of the majority of states. Burgess v. Perdue, 239 Kan. 473, 721 P.2d 239 (1986) ("The present Restatement position represents the minority view."); William L. Prosser & W. Page Keeton, Torts § 54, n. 27 at 362 (5th ed. 1984) (Florida's position "is said to be the majority rule."); John D. Hodson, Annotation, Civil Liability of Undertaker in Connection with Transportation, Burial, or Safeguarding of Body, 53 A.L.R.4th 360 (1987); Robert A. Brazener, Annotation, Liability for Withholding Corpse from Relatives, 48 A.L.R.3d 240 (1972).
The requirement of showing either a physical impact or outrageous or malicious conduct is also consistent with Florida law concerning damages for mental anguish in general. See, e.g., Champion v. Gray, 478 So.2d 17 (1985); Eagle-Picher Indus., Inc. v. Cox, 481 So.2d 517 (Fla. 3d DCA 1985), rev. denied, 492 So.2d 1331 (Fla. 1986).

Conclusion
Generally, there is no cause of action for negligent infliction of emotional distress in Florida absent a physical impact. Eagle-Picher Indus. v. Cox, 481 So.2d 517 (Fla. 3d DCA 1985), rev. denied, 492 So.2d 1331 (Fla. 1986). Specifically, the law in Florida regarding damages for mental anguish caused by interference with a corpse also requires a showing of either a physical impact to the claimant or malicious conduct by the defendant. Kirksey, 45 So.2d at 189. Applying the Kirksey rule to the facts alleged and shown in this case, there can be no recovery for emotional distress caused by tortious interference with a dead body because there was no allegation or proof of physical impact or malicious conduct. See Przybyszewski v. Metropolitan Dade County, 363 So.2d 388, 389 (Fla. 3d DCA 1978) (where County's mistaken identification of plaintiff's son's body was mere negligence there could be no recovery for mental pain unconnected with physical injury), cert. denied, 373 So.2d 460 (Fla. 1979).
The summary judgment for Dade County on the cause of action for negligent mishandling of a dead body is AFFIRMED.
We certify the following question to the Florida supreme court as one of great public importance:
Whether Florida should adopt section 868 Restatement (Second) of Torts, receding from the holding in Donahue [Dunahoo] v. Bess, 146 Fla. 182, 200 So. 541 (1941), that the law of Florida will not sustain an action for mental anguish caused by negligent handling of a dead body in the absence of physical injury.
NESBITT, J., concurs.
COPE, Judge (specially concurring).
I concur that affirmance is required by Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950), and concur in the certification of the question. In my view Restatement (Second) of Torts section 868 (1979) represents the better rule, see generally State v. Powell, 497 So.2d 1188, 1191-92 & n. 3 (Fla. 1986), cert. denied, 481 U.S. 1059, 107 S.Ct. 2202, 95 L.Ed.2d 856 (1987), but adoption of the Restatement position must come from the Supreme Court rather than this court.
NOTES
[1] According to the County, if the acts of the County employee had been willful, wanton, and malicious or outrageous, the County would have been immune from liability under section 768.28(9)(a), Florida Statutes (1991). See also Kirker v. Orange County, 519 So.2d 682 (Fla. 5th DCA 1988) (County immune from liability for medical examiner's allegedly willful, wanton, and malicious behavior in removing deceased child's corneas over objection of child's mother).
[2] The question was whether section 732.9185, Florida Statutes (1983), which authorizes medical examiners to remove corneal tissue from decedents during statutorily required autopsies, to be used for transplantation, violates constitutionally protected due process or private property rights.