PER CURIAM.
This is a suit against a funeral home for the alleged mishandling of the remains of decedent, Ralph Noble. A jury trial resulted and decedent’s widow, Martha Noble, was awarded compensatory damages of $85,000.00 plus interest and costs based upon the theory of intentional infliction of emotional distress. Kraeer Funeral Homes, Inc. appeals such award. We affirm the award of compensatory damages.
We have reviewed the record in light of the appellate advice furnished. We *325 are of the opinion that there is substantial competent evidence that supports the jury’s award of compensatory damages. We find no basis whereby this court may reverse and thereby substitute its judgment for that of the jury.
Moreover, we note that the jury was fully and correctly charged using much of the language contained in Metropolitan Life Insurance Company v. McCarson, 467 So.2d 277 (Fla.1985), a case largely relied upon by the funeral home. That charge was:
In other words, in order to establish a claim for intentional infliction of emotional distress, it must be shown by the greater weight of the evidence that, one, the Defendant acted in an outrageous or malicious manner with the intent to inflict severe emotional distress or the Defendant acted in a reckless manner so that the infliction of severe emotional distress was substantially certain to result.
Where it is claimed that the incident in question occurred intentionally or with reckless disregard that emotional distress would result, the test for determining such claim is not whether the Defendant actually intendted to inflict severe emotional distress upon the Plaintiffs, but whether the Defendant knew or should have reasonably known that such distress was substantially certain to follow as a result of such incident.
In addition, the incident in question must be found by you to be outrageous or malicious and of the nature that would be substantially certain to cause severe emotional distress.
For the purpose of this trial, outrageous and malicious means conduct so extreme in degree as to go beyond all possible bounds of decency, conduct such as would be regarded as atrocious and utterly intolerable in a civilized community or with an entire want of care or great indifference to the rights of others.
For the purpose of this trial, severe emotional distress means emotional distress of such a substantial quality or enduring quality, that no reasonable person in a civilized society should be expected to endure it.
Appellees filed a cross appeal saying that the trial court erred in entering summary judgment in favor of the funeral home as concerns the appellees’ claim for punitive damages. The parties agree that an affirmance of the award of compensatory damages will necessarily result in a reversal of the summary judgment on the punitive damages issue.
In view of the foregoing, we affirm the award of compensatory damages. We reverse the summary judgment entered on the issue of punitive damages and remand for trial upon that issue only.
REVERSED AND REMANDED.
DOWNEY, LETTS and WALDEN, JJ., concur.