GARRETT, Judge.
This is an appeal of the trial court’s granting of appellee’s motion for summary judgment as to appellants’ claims for compensatory and punitive damages.
Appellants made arrangements with appellee to conduct the funeral and cremation of the remains of Donald C. Halpin, Jr. When the family arrived for the viewing, they saw that the body in the casket was not Mr. Halpin. Appellee’s employees attempted to convince the family that it was Mr. Halpin. After some discussion, the family was asked to go to dinner while appellee sought to locate Mr. Halpin’s remains. When the family returned to the funeral home, the casket contained Mr. Halpin’s body, but the family was not satisfied with his appearance.
We reverse. Whether or not appellants are entitled to compensatory and punitive damages are factual questions to be determined by the trier of fact. It is axiomatic that the granting of a motion for summary judgment cannot stand where there is a disputed genuine issue of a material fact.
*974 Tortious interference with rights involving dead human bodies is excluded from the “impact” rule which normally governs causes of action for intentional infliction of emotional distress. Kirksey v. Jernigan, 45 So.2d 188 (Fla.1950); Strachan v. John F. Kennedy Memorial Hospital, 109 N.J. 523, 537, 538 A.2d 346, 353 (1988) (citing W.P. Keeton, D. Robbs, R. Keeton, and D. Owens, Prosser & Keeton on Torts § 54 (5th ed.1984)).
As to the compensatory damages claim, if the wrongful acts are such as to reasonably imply malice, or where, from the entire want of care of attention to duty, or great indifference to the persons, property or rights of others, malice can be imputed, a cause of action will lie. Sherer v. Rubin Memorial Chapel, Ltd., 452 So.2d 574 (Fla. 4th DCA 1984). Malicious conduct is proven if the acts complained of would arouse resentment by an average member of the community, leading him or her to exclaim “outrageous.” Smith v. Telophase National Cremation Society, Inc., 471 So.2d 163 (Fla. 2d DCA 1985). When determining a compensatory award claim, the jury considers if the facts prove outrageous conduct.
As to the punitive damages claim, if a claim for compensatory damages is established, a claim for punitive damages is also established. Kraeer Funeral Homes, Inc. v. Noble, 521 So.2d 324 (Fla. 4th DCA 1988). The same evidence of outrageous conduct is utilized in determining awards for compensatory and punitive damages. Payton Health Care Facilities v. Estate of Campbell, 497 So.2d 1233 (Fla. 2d DCA), review denied, 500 So.2d 545 (Fla.1986). When determining a punitive damage claim, the jury considers the degree of the proven outrageous conduct. Smith 471 So.2d at 170.
None of the factual questions addressed should have been resolved by the trial judge for it is the conclusions of the jury which should prevail and not the views of the judge.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
HERSEY, C.J., and POLEN, J., concur.