651 So.2d 673 (1995)
Jesus GONZALEZ, et ux., Petitioners,
v.
METROPOLITAN DADE COUNTY PUBLIC HEALTH TRUST, Respondent.
No. 82838.
Supreme Court of Florida.
March 2, 1995.
Jesus F. Bujan of Fleitas & Bujan, Miami, for petitioners.
Robert A. Ginsburg, Dade County Atty., and Ronald J. Bernstein and James J. Allen, Asst. County Attys., Miami, for respondent.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Coral Gables, amicus curiae for Rivero Funeral Home, Inc.
HARDING, Justice.
We have for review Gonzalez v. Metropolitan Dade County Public Health Trust, 626 So.2d 1030 (Fla. 3d DCA 1993), in which the Third District Court of Appeal certified the following question as being one of great public importance:
Whether Florida should adopt section 868 Restatement (Second) of Torts, receding from the holding in Donahue [Dunahoo] v. Bess, 146 Fla. 182, 200 So. 541 (1941), that the law of Florida will not sustain an action for mental anguish caused by negligent handling of a dead body in the absence of physical injury.
Id. at 1033. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution, and answer the certified question in the negative.
On October 29, 1988, Zoila Gonzalez gave birth to a baby girl who died at Jackson Memorial Hospital on November 7, 1988. Jesus and Zoila Gonzalez (the Gonzalezes) procured the services of Rivero Funeral Home to perform a funeral service and burial *674 on November 9, 1988. On January 9, 1989, Rivero Funeral Home notified the Gonzalezes that their baby had not been buried, and that the body was still in a refrigerated drawer at the hospital morgue. A second funeral and burial were held on January 24, 1989.
The Gonzalezes filed a complaint against Metropolitan Dade County Health Trust (d/b/a Jackson Memorial Hospital) and Rivero Funeral Home, alleging tortious interference with a dead body and negligent infliction of emotional distress. The trial court found that while the hospital and funeral home's conduct was negligent, it was not intentional or grossly negligent. The Gonzalezes conceded that they suffered no physical impact and that the hospital and funeral home's acts were not willful. Consequently, the trial court granted summary judgment for Metropolitan Dade County and Rivero Funeral Home on the ground that absent a physical injury, a petitioner making a claim for emotional distress in an action for tortious interference with a dead body must plead and prove conduct that is extreme and outrageous, so as to imply malice and justify the imposition of punitive damages. The court subsequently vacated the summary judgment entered in favor of Rivero Funeral Home.
The Gonzalezes appealed the summary judgment order in favor of Metropolitan Dade County to the Third District Court of Appeal, arguing that under Florida law there is no impact requirement in cases dealing with tortious interference with a dead body. Gonzalez, 626 So.2d at 1031. The district court cited an extensive list of cases which held that absent physical impact to the claimant, there can be no recovery for mental anguish in an action based on negligent mishandling of a corpse. Id. Finding no allegation or proof of physical impact or malicious conduct in the instant case, the district court affirmed the final summary judgment, but certified the question to this Court.
The Gonzalezes ask this Court to adopt section 868 of the Restatement (Second) of Torts (1977) and recede from its holding in Dunahoo v. Bess, 146 Fla. 182, 200 So. 541 (1941), in order to provide a vehicle for recovery to individuals who have suffered mental damages for the negligent handling of a dead body in the absence of physical impact.
The "impact doctrine" which evolved from the common law of England, requires that a plaintiff sustain actual physical impact in order to recover for the negligent infliction of emotional distress. The traditional rationale for this rule was to insure the authenticity of mental distress claims. W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 54, at 363 (5th ed. 1984). Numerous jurisdictions have adopted the doctrine, although many have not strictly adhered to the "impact" requirement.
Depending on the jurisdiction, an allegation of negligent infliction of mental distress may require proof of physical injury, temporal sequence, physical impact, or proximate cause. These are separate and distinct requirements, although often erroneously used interchangeably. Although the majority of jurisdictions do not require physical impact, they nevertheless still require a physical injury for recovery for negligent infliction of emotional distress. See, e.g., Alabama Fuel & Iron Co. v. Baladoni, 15 Ala.App. 316, 73 So. 205 (1916) (adopting proximate cause requirement); Orlo v. Connecticut Co., 128 Conn. 231, 21 A.2d 402 (1941) (requiring proximate cause); Usry v. Small, 103 Ga. App. 144, 118 S.E.2d 719 (1961) (adopting the physical injury and proximate cause requirements).
Although this Court has re-examined the rule numerous times, Florida law still adheres to the minority view[1] that physical impact is required to bring a cause of action for negligent infliction of mental distress. R.J. v. Humana, Inc., No. 82,743, ___ So.2d *675 ___ (Fla. Mar. 2, 1995); Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974). As Judge Reed explained in his dissenting opinion in Stewart v. Gilliam, 271 So.2d 466 (Fla. 4th DCA 1972), quashed 291 So.2d 593 (Fla. 1974),
[t]here is more underlying the impact doctrine than simply problems of proof, fraudulent claims, and excessive litigation. The impact doctrine gives practical recognition to the thought that not every injury which one person may by his negligence inflict upon another should be compensated in money damages. There must be some level of harm which one should absorb without recompense as the price he pays for living in an organized society.
Id. at 477 (Reed, C.J., dissenting). However, this Court has recognized a number of exceptions to the physical impact rule. For example, this Court held that the impact rule should not be applied to wrongful birth actions, Kush v. Lloyd, 616 So.2d 415 (Fla. 1992), or in cases where a person suffers significant discernible physical injury caused by the psychological trauma that results from observing the death or physical injury of a close family member that was negligently caused by another, Champion v. Gray, 478 So.2d 17 (Fla. 1985).
The absence of physical impact does not bar a claim for the negligent mishandling of a dead body under Florida law. In Dunahoo, this Court held that while the surviving spouse had a right to have, protect, and dispose of the decedent's remains, the spouse could not sustain a cause of action for mental anguish because it was unconnected with a physical injury, the damages claimed were too remote and speculative, and there was no constitutional, legislative, or common law authority to sustain such an action. 146 Fla. 182, 200 So. 541. Thus, Dunahoo did not disallow the cause of action based upon a lack of physical impact.
In Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950), which involved the unauthorized actions of an undertaker who allegedly removed the corpse of a five-year-old child without permission, refused to surrender the body, negligently embalmed the body and ultimately held the body as security for the payment of an excessive fee, this Court reaffirmed the Dunahoo rule that damages are not recoverable for mental pain and anguish unconnected with physical injury in an action for simple negligence. However, the Court did recognize that "where the wrongful act is such as to reasonably imply malice, or where, from the entire want of care of attention to duty, or great indifference to the persons, property, or rights of others, such malice will be imputed as would justify the assessment of exemplary or punitive damages." Id. at 189. Because Kirksey involved such malice, the Court permitted recovery even though the plaintiff mother suffered no physical injury. Thus, as explained in Dunahoo and Kirksey, Florida law currently does not require physical impact to bring a claim for mental distress based upon the negligent mishandling of a dead body.
Section 868 of the Restatement (Second) of Torts, which the Gonzalezes urge this Court to adopt, removes not only the physical impact requirement, but also eliminates the physical injury currently required under Florida law. Thus, the rule would apply to intentional, reckless, and merely negligent interferences with the body itself or with its proper burial or cremation. Section 868 provides that "[o]ne who intentionally, recklessly or negligently removes, withholds, mutilates or operates upon the body of a dead person or prevents its proper interment or cremation is subject to liability to a member of the family of the deceased who is entitled to the disposition of the body." Restatement (Second) of Torts § 868 (1977).
A cause of action for emotional distress involves special damages which are inherently difficult to ascertain and measure, hence the additional requirements of physical impact, physical injury, or malicious conduct under Florida law. Emotional damages are easier to ascertain when they are attributable to a sole cause. For example, mental suffering constitutes recoverable damages in cases of invasion of privacy, Cason v. Baskin, 155 Fla. 198, 20 So.2d 243 (1944), or negligent defamation, Miami Herald Publishing Co. v. Brown, 66 So.2d 679 (Fla. 1953).
Some commentators have urged recovery for the negligent mishandling of a corpse based upon "an especial likelihood of genuine *676 and serious mental distress, arising from the special circumstances, which serves as a guarantee that the claim is not spurious." Prosser and Keeton on the Law of Torts § 54, at 362. While we recognize that cases involving negligent mishandling of corpses entail real and palpable injury to feelings, and it may even be true that the "special circumstances" guarantee the authenticity of the claim, there is no accurate method of separating the natural grief resulting from the death of a loved one from the additional grief suffered as a result of mishandling of the body.
If this Court were to adopt the Restatement view, we would be applying a very lenient standard to an emotional distress claim arising from injury to a corpse while requiring proof of either physical impact or physical injury for claims involving injury to a living relative.
The consequences of such an exception are too far reaching in a modern society where it is recognized that not all wrongs can be compensated through litigation or the courts. Moreover, even commentators acknowledge that "cases will obviously be infrequent in which `mental disturbance,' not so severe as to cause physical harm, will clearly be a serious wrong worthy of redress and sufficiently attested by the circumstances of the case." Prosser and Keeton on the Law of Torts § 54, at 362. Nor have the Gonzalezes presented any valid justification to recede from the long standing decisions of this Court in this area. Accordingly, we answer the certified question in the negative and reaffirm the rules announced in Dunahoo and Kirksey. An action for mental anguish based on negligent handling of a dead body requires proof of either physical injury or willful or wanton misconduct.
Turning to the instant case, we find that summary judgment in favor of Metropolitan Dade County Public Health Trust was proper. The Gonzalezes alleged no physical impact or physical injury and conceded that the hospital's acts were not willful. However, even assuming that the hospital's actions were willful, Jackson Memorial Hospital, as a county-owned hospital, is immune from liability for a willful, wanton or malicious conduct claim against one of its employees. See § 768.28(9)(a), Fla. Stat. (Supp. 1988).[2] "The very need to allege and prove willful, wanton or malicious conduct to sustain an action against [an employee] makes the case non-actionable against the county because of the statute which continues to surround governmental units with the shield of sovereign immunity in the face of such conduct." Kirker v. Orange County, 519 So.2d 682, 684 (Fla. 5th DCA 1988).
Accordingly, we answer the certified question in the negative and approve the decision below.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, WELLS and ANSTEAD, JJ., concur.
KOGAN, J., concurs specially with an opinion, in which WELLS, J., concurs.
KOGAN, Justice, specially concurring.
Improper treatment of a dead body has serious potential to be a highly disturbing event to relatives and loved ones, causing serious disruption. I have no doubt that substantial tangible damages can result, such as the cost of psychiatric treatment, reasonable lost wages, and so forth. While I can see good policy reasons in denying recovery for purely intangible damages, those same policies do not apply for tangible injuries caused by the negligent act within a reasonable degree of medical certainty. I do not view the majority opinion as necessarily inconsistent with this view.
WELLS, J., concurs.
NOTES
[1] The physical impact rule has been abrogated in more than thirty jurisdictions. See, e.g., Towns v. Anderson, 195 Colo. 517, 579 P.2d 1163 (1978); Leong v. Takasaki, 55 Haw. 398, 520 P.2d 758 (1974); Barnhill v. Davis, 300 N.W.2d 104 (Iowa 1981); Dziokonski v. Babineau, 375 Mass. 555, 380 N.E.2d 1295 (1978); First Nat. Bank v. Langley, 314 So.2d 324 (Miss. 1975); Corso v. Merrill, 119 N.H. 647, 406 A.2d 300 (1979); Portee v. Jaffee, 84 N.J. 88, 417 A.2d 521 (1980); Whetham v. Bismarck Hospital, 197 N.W.2d 678 (N.D. 1972); Hughes v. Moore, 214 Va. 27, 197 S.E.2d 214 (1973).
[2] Section 768.28(9)(a), Florida Statutes (Supp. 1988), provides in pertinent part:

The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent ... committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.