KLEIN, Judge.
Midway Manufacturing Company appeals a non-final order denying its right to possession of personal property, entered after a replevin show cause hearing pursuant to section 78.065, Florida Statutes (1995). We have jurisdiction to review this non-final or *328 der because it determines the right to immediate possession of property. Fla.R.App.P. 9.130(a)(3)(C)(ii).
Midway sold an amusement ride to appel-lee under an agreement requiring monthly payments, and providing that appellee’s failure to make two payments would result in repossession by Midway.
Midway filed this complaint for replevin, as well as other relief, and at the hearing on an order to show cause, the evidence was undisputed that appellee did fail to make two monthly payments, entitling Midway to repossess. The trial court did not explain why it denied Midway’s right to possession of the property; however, the court did erroneously admit parole testimony by appellee’s president that he was told that he could fall a couple of payments behind without having a problem.
At a show cause hearing under section 78.067(2), Florida Statutes (1995) the court must determine “which party, with reasonable probability, is entitled to the possession of the claimed property pending final adjudication of the claims of the parties.” The evidence presented at the hearing established that Midway was entitled to possession of the property under the statutory provision. Morse Operations, Inc. v. Superior Rent-A-Car, Inc., 593 So.2d 1079 (Fla. 5th DCA 1992). We therefore reverse and direct the trial court to immediately issue a writ of replevin.
DELL and FARMER, JJ., concur.