WEBSTER, J.
Appellant seeks review of a non-final order denying leave to amend and dismissing with prejudice one count of a multi-count eom-pláint. The dismissed count sought replevin of a dredge and related equipment. We have jurisdiction. Fla. R.App. P. 9.130(a)(3)(C)(ii). See Midway Mfg. Co. v. Family Fun Corp., 668 So.2d 327 (Fla. 4th DCA 1996).
The trial court dismissed the replevin count, and subsequently refused to permit appellant to amend it, because it was “of the opinion that the remedy of replevin ... [wa]s mutually exclusive of the other causes of action” asserted in the complaint. This was error. Pursuant to our rules of civil procedure, a party may assert inconsistent claims or defenses in a single pleading. Fla. R. Civ. P. 1.110(g). See Johnson v. Department of Health & Rehab. Serv., 695 So.2d 927 (Fla. 2d DCA 1997) (a party may assert mutually exclusive claims in the same pleading). An election between inconsistent remedies need only be made before the entry of judgment. See Monco of Orlando, Inc. v. ITT Indus. Credit Corp., 458 So.2d 332 (Fla. 5th DCA 1984) (reversing the trial court’s action which forced the plaintiff to elect at the pretrial conference between the inconsistent remedies of conversion and replevin). Accord Smith v. Frank Griffin Volkswagen, Inc., 645 So.2d 585 (Fla. 1st DCA 1994).
The trial court denied appellant’s first request to amend because it was of the opinion that further amendment would be futile. Because appellant had not previously sought leave to amend and it is not apparent from the record that further amendment would be futile, we reverse and remand with directions that the trial court permit appellant to amend the replevin count. Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Cooperative Bank, 592 So.2d 302 (Fla. 1st DCA 1991).
REVERSED and REMANDED, with directions.
WOLF and LAWRENCE, JJ., concur.