948 So.2d 976 (2007)
Christopher BRADY and Georgina Brady, Appellants,
v.
SCI FUNERAL SERVICES OF FLORIDA, INC., d/b/a Eastern Gate Memorial Gardens, Appellee.
No. 1D06-2103.
District Court of Appeal of Florida, First District.
February 21, 2007.
*977 Bradley S. Odom of Kievit, Odom & Barlow, Pensacola, for Appellants.
William H. Stafford, III, of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellee.
KAHN, J.
Christopher and Georgina Brady appeal a directed verdict that barred them, pursuant to Florida's impact rule, from seeking non-economic damages under a negligence count. Because the pleadings and the evidence sufficiently created a jury issue as to such damages, we reverse and remand.

BACKGROUND
The Bradys' newborn son, Nicholas, died from the chromosomal birth defect Trisomy 13 on July 19, 2000. The Bradys had Nicholas buried in appellee SCI's cemetery. In November 2001, approximately sixteen months after Nicholas' death, Mrs. Brady made one of many visits to her son's grave. She wanted to place a pinwheel into the ground over the burial site. When the pinwheel hit what Mrs. Brady assumed was a rock, she pulled a few weeds in an attempt to remove the obstruction. Mrs. Brady saw a white object under the dirt and discovered that the impediment was, in fact, the lid of Nicholas' casket. The Bradys sued SCI for negligently and intentionally misrepresenting its burial services; intentional infliction of emotional distress/outrage; negligence; and fraud. At trial, the parties stipulated that Florida Administrative Code Rule 69K-6.008 requires at least twelve inches *978 of ground cover over graves. The Bradys offered evidence that SCI placed only 1.75 inches of soil over the coffin. Mr. Wildman, the general manager of SCI's facility, Eastern Gate Memorial Cemetery, acknowledged the unlawfully shallow grave. The Bradys presented substantial evidence concerning Mrs. Brady's claimed economic and emotional damages.
At the conclusion of the Bradys' case-in-chief, the trial judge entered a directed verdict in favor of SCI on the issue of non-economic damages under the Bradys' negligence count. The trial judge stated that "by definition negligence is not willful, that negligence is not wanton, in the sense that gross negligence may be wanton, gross negligence may be willful and wanton." As the Bradys did not suffer a physical injury by impact, the trial judge found Florida's impact rule precluded an award of non-economic damages under a negligence count. The Bradys argue the trial court erred because they properly amended their negligence count to allege SCI "acted willfully and intentionally and in reckless disregard" of their rights. The Bradys also included a prayer for non-economic damages in the amended negligence count.

ANALYSIS
When determining the propriety of a directed verdict, a court views the evidence and all inferences drawn therefrom in a light most favorable to the nonmoving party. See Gant v. Lucy Ho's Bamboo Garden, Inc., 460 So.2d 499, 501 (Fla. 1st DCA 1984). A directed verdict will be affirmed only when no proper view of the evidence could warrant a verdict in favor of the nonmoving party. Id.
Florida's impact rule does not apply to cases where the tortfeasor's negligence may be characterized as willful and wanton. See Kirksey v. Jernigan, 45 So.2d 188, 189 (Fla.1950); see also Gonzalez v. Metro. Dade County Public Health Trust, 651 So.2d 673, 676 (Fla.1995) ("An action for mental anguish based on negligent handling of a dead body requires proof of either physical injury or willful and wanton misconduct."). Here, the Bradys amended the negligence count in their complaint to allege that SCI "acted willfully and intentionally and in reckless disregard" of their rights. The Bradys also sought both pain and suffering damages as well as punitive damages under the amended negligence count. Apparently, the trial judge concluded that the Bradys had to plead a separate count of "gross negligence," or "tortious interference with a dead body," to shed the constraints of the impact rule and send the issue of non-economic damages to the jury. With respect, we see no such requirement in the case law.
Florida law does not require a plaintiff to allege tortious interference with a dead body in order to recover non-economic damages for the negligent mishandling of a dead body. See Gonzalez, 651 So.2d at 673. In Gonzalez, plaintiffs sued a hospital and funeral home for failure to deliver and bury their deceased infant. Id. at 673-74. Although the parents alleged tortious interference with a dead body and negligent infliction of emotional distress, the Florida Supreme Court's opinion refers to the action as one for the "negligent handling of a dead body." Id. at 674-76. The supreme court explained that the impact rule applies to such negligence claims unless the alleged misconduct is willful and wanton. Id. Under our reading of Gonzalez, the specific tort alleged did not affect the supreme court's analysis; instead, the allegations in the complaint guided the court's decision. See id. at 674 (explaining the Gonzalezes conceded the *979 defendants' acts were not willful and wanton).
We decline to impose a requirement that the Bradys fashion a count for gross negligence or tortious interference with a dead body, separate and apart from the negligence count. See Fla. R. Civ. P. 1.110(b) ("A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross claim or third-party claim, must state a cause of action and shall contain . . . (2) a short and plain statement of the ultimate facts showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which the pleader deems himself or herself entitled. Relief in the alternative or of several different types may be demanded. Every complaint shall be considered to demand general relief."); see also Innovative Material Sys., Inc. v. Santa Rosa Utils., Inc., 721 So.2d 1233, 1233 (Fla. 1st DCA 1998) ("Pursuant to our rules of civil procedure, a party may assert inconsistent claims or defenses in a single pleading." (citing Fla. R. Civ. P. 1.110(g))); Arcade Steam Laundry v. Bass, 159 So.2d 915, 917 (Fla. 2d DCA 1964) ("[A] pleader may set up in the same action as many claims or causes of action in the same right as he may have. One may plead two or more statements of a claim alternatively in one count or in separate counts."). See generally Philip J. Padovano, Florida Civil Practice § 7.5 n. 1 (2000 ed.) ("To comply with rule 1.110(b)(2), a pleader need only allege ultimate facts."). The Bradys' negligence count, after the amendment, sufficiently advised the defendant and the court of the alleged wrongful actions. Given this, we see no reason to require the Bradys to label the count "gross negligence" or "tortious interference with a dead body" instead of "negligence," where the allegations are the same.
Further, a party is not required to seek non-economic damages under a separate count in its complaint. The rules of civil procedure allow a party to simply amend its initial complaint to include a prayer for such damages. See Fla. R. Civ. P. 1.190 (applying very liberal standard regarding the amendment of pleadings); see also Newberry Square Dev. Corp. v. S. Landmark, Inc., 578 So.2d 750, 754 (Fla. 1st DCA 1991) ("Special damages should be pleaded with particularity sufficient to apprise the opposing party of the nature of the special damages claimed."). In addition to alleging willful and wanton misconduct in their amended negligence count, the Bradys also announced their intention to seek non-economic damages. Accordingly, if a jury finds SCI's acts met the heightened standard of willful and wanton misconduct, the negligence action would fall outside of the impact rule, for purposes of non-economic damages.

CONCLUSION
As the Bradys properly alleged willful and wanton conduct and sought non-economic damages, we REVERSE. On REMAND, the two issues for the trier of fact are whether SCI's actions were willful and wanton as alleged in the amended complaint and, if so, the amount of non-economic damages, if any, supported by the evidence.
BROWNING, C.J. and WOLF, J., concur.