PER CURIAM.
In this case, Appellants seek review of the trial court’s orders directing verdicts for Appellees and “reinstating” a previously granted, then vacated, order on summary judgment. We reverse.
Following an eight-day trial and a jury verdict in favor of Appellants on claims of negligence and negligent hiring and retention, the trial court granted summary judgment and directed verdicts for Appel-lees.
It was improper to grant summary judgment after trial as summary judgments are pretrial mechanisms, the “principle function [of which] is to avoid the time and expense of a useless trial if it clearly appears from the pleadings, affidavits, depositions and other evidence in the record that there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law.” Suggs v. Allen, 563 So.2d 1132, 1133 (Fla. 1st DCA 1990) (quoting Fish Carburetor Corp. v. Great Am. Ins. Co., 125 So.2d 889, 891 (Fla. 1st DCA 1961)); see also Ameriseal of N.E. Fla., Inc. v. Leiffer, 738 So.2d 993, 994 (Fla. 5th DCA 1999). “Once the trial commences, the defendant can test the sufficiency of the plaintiffs evidence by a motion for directed verdict[.]” Ameriseal, 738 So.2d at 994. Thus, an order purporting to “reinstate” a pretrial motion for summary judgment after, and contrary to, the jury’s verdict is erroneous.
Even if we treated the order “reinstating” summary judgment after a trial and verdict as an order directing verdict, we would still be compelled to reverse.
We review a trial court’s orders directing verdicts de novo. See Borda v. E. Coast Entm’t, Inc., 950 So.2d 488, 490 (Fla. 4th DCA 2007).
Here, drawing all inferences from the evidence in a light most favorable to Appellants, we find the evidence supported the jury’s verdict. See Brady v. SCI Funeral Serv., of Fla., Inc., 948 So.2d 976, 978 (Fla. 1st DCA 2007) (“A directed verdict will be affirmed only when no proper view of the evidence could warrant a verdict in favor of the nonmoving party.”). Therefore, it was error for the trial court to grant directed verdicts for Appellees. Accordingly, we REVERSE and REMAND for the trial court to reinstate the jury’s verdicts in their entirety.
REVERSED and REMANDED.
WOLF and OSTERHAUS, JJ„ and SHEFFIELD, FRANK E., Associate Judge, concur.