PER CURIAM.
Joyce Fiorentino and her husband, Antonio, timely appeal an order entitled “Summary Final Judgment of Foreclosure,” entered in favor of BAC Home Loans Servicing, LP after a nonjury trial. We reverse.
A summary judgment is a pretrial mechanism. Williams v. Washington, 120 So.3d 1263, 1264 (Fla. 1st DCA 2013). Its principle function is to “avoid the time and expense of a useless trial if it clearly appears from the pleadings, affidavits, depositions and other evidence in the record that there is no genuine issue of any material fact, and the moving party is entitled to judgment as a matter of law.” Suggs v. Allen, 563 So.2d 1132, 1133 (Fla. 1st DCA 1990) (quoting Fish Carburetor Corp. v. Great Am. Ins. Co., 125 So.2d 889, 891 (Fla. 1st DCA 1961)). It is reversible error for a trial court to grant summary judgment after a trial. Williams, 120 So.3d at 1264.
Here, the judgment issued by the trial court is both titled as a summary judgment and recites the standards applicable to summary judgment. Because the judgment was issued after a nonjury trial, and not upon a motion for summary judgment, it is improper. Accordingly, we reverse the Summary Final Judgment of Foreclosure entered by the trial court and remand for entry of a proper final judgment.[1]
REVERSED AND REMANDED.
SAWAYA, ORFINGER and BERGER, JJ., concur.

. The record reflects that BAC merged into Bank of America effective July 1, 2011, and did not survive the merger. Pursuant to section 607.1106(l)(d), Florida Statutes, the claim may be continued as if the merger did not occur, or the surviving corporation, Bank of America, may be substituted in the proceeding.