IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TERRY KENDRON,

      Appellant,

 v.                                              Case No.  5D16-3600

SCI FUNERAL SERVICES OF FLORIDA, LLC
D/B/A WYLIE BAXLEY FUNERAL HOME,

      Appellee.

_____/

Opinion filed December 8, 2017

Appeal from the Circuit Court
for Brevard County,
Charles J. Roberts, Judge.

David A. Baker and Mark A. Cavins, of The
Law Office of David A. Baker, P.A.,
Rockledge, for Appellant.

Ronald M. Schirtzer, of Weinberg Wheeler
Hudgins Gunn & Dial, LLC, Orlando, for
Appellee.


PER CURIAM.

This case involves the delayed discovery of a funeral home's mishandling of

cremated remains.  Lucille Kendron passed away on October 19, 1998.  Soon thereafter,

her son, Terry Kendron, hired Wylie Baxley Funeral Home to handle the funeral and

cremation.  Lucille's cremains were to be laid to rest beside her late husband.  In 2014,

Kendron learned via letter that this did not happen and that the funeral home still possessed his mother's ashes. He was told to collect Lucille's cremains or be charged a storage fee. Kendron later filed suit against SCI Funeral Services of Florida, LLC, d/b/a Wylie Baxley Funeral Home, for tortious interference with human remains, intentional infliction of emotional distress, and negligent infliction of emotional distress, claiming that as a result of the funeral home's actions he suffered from depression, stress, anger, and anxiety, all of which required medical attention. However, the complaint was dismissed with prejudice after the trial court concluded the statute of limitations had expired on Kendron's claims. Kendron now appeals the dismissal of his lawsuit. Concluding that the statute of limitations barred his claim for tortious interference with human remains, we affirm the dismissal of that claim without further discussion. However, for the following reasons, we reverse the dismissal of Kendron's claim for intentional infliction of emotional distress and negligent infliction of emotional distress.[1]

Orders dismissing a complaint are reviewed de novo as they present a question of law. Scovell v. Delco Oil Co., 798 So. 2d 844, 846 (Fla. 5th DCA 2001). Furthermore, "[d]etermining when a cause of action accrues is a question of law, not fact." Bombardier Aerospace Corp. v. Signature Flight Support Corp., 123 So. 3d 128, 130 (Fla. 5th DCA 2013). "A motion to dismiss should only be granted 'under extraordinary circumstances where the facts in the complaint, taken as true, conclusively show that the action is barred by the statute of limitations.'" Goodwin v. Sphatt, 114 So. 3d 1092, 1094 (Fla. 2d DCA

---

[1] As further discussed below, the trial court should have dismissed Kendron's negligent infliction of emotional distress claim based on Appellee's impact rule argument, but the dismissal should have been without prejudice.

2

2013) (quoting Ambrose v. Catholic Soc. Servs., Inc., 736 So. 2d 146, 149 (Fla. 5th DCA 1999)).

A claim alleging an intentional tort or negligence is required to be brought within four years from the time the plaintiff's cause of action accrued. § 95.11(3)(a), (o), Fla. Stat. (2016). "A cause of action accrues when the last element constituting the cause of action occurs." § 95.031, Fla. Stat.

The elements of a cause of action for intentional infliction of emotional distress are: (1) the wrongdoer's conduct was intentional or reckless; (2) the conduct was outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. Food Lion, Inc. v. Clifford, 629 So. 2d 201, 202 (Fla. 5th DCA 1993) (citing Williams v. City of Minneola, 619 So. 2d 983, 986 (Fla. 5th DCA 1993)). The elements of negligent infliction of emotional distress are: "(1) the plaintiff must suffer a discernable physical injury; (2) the physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person." LeGrande v. Emmanuel, 889 So. 2d 991, 995 (Fla. 3d DCA 2004) (citing Zell v. Meek, 665 So. 2d 1048, 1052 (Fla. 1995)). Here, Kendron's claim for intentional infliction of emotional distress did not accrue until he experienced severe emotional distress. His claim for negligent infliction of emotional distress would not accrue until he experienced a discernible physical injury.

With that said, in order for Kendron's negligent infliction of emotional distress claim to survive dismissal on remand, he must allege that his mental distress was "manifested by physical injury" or he must allege that Appellee's conduct was willful or wanton.

3

Although "[t]he absence of physical impact does not bar a claim for the negligent mishandling of a dead body under Florida law," Gonzalez v. Metro. Dade Cty. Pub. Health Tr., 651 So. 2d 673, 675 (Fla. 1995), the allegation of mere psychic trauma is not enough to sustain a claim for negligent infliction of emotional distress. Champion v. Gray, 478 So. 2d 17, 20 (Fla. 1985), receded from on other grounds by Zell, 665 So. 2d at 1054 (refusing to expand impact rule to purely subjective and speculative damages for psychic trauma alone). As explained in Willis v. Gami Golden Glades, LLC, 967 So. 2d 846, 850 (Fla. 2007), if there is no physical impact to plaintiff, "the complained-of mental distress must be 'manifested by physical injury,' the plaintiff must be 'involved' in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment 'within a short time' of the incident." Id. (quoting Eagle-Picher Indus., Inc. v. Cox, 481 So. 2d 517, 526 (Fla. 3d DCA 1985)); accord Zell, 665 So. 2d at 1050, 1052 (finding cause of action for psychological trauma exists in Florida when there is "some physical impact to a claimant" or in cases "where psychological trauma could be demonstrated to cause a demonstrable physical injury"); Gonzalez, 651 So. 2d at 675 ("A cause of action for emotional distress involves special damages which are inherently difficult to ascertain and measure, hence the additional requirements of physical impact, physical injury, or malicious conduct under Florida law."); Brady v. SCI Funeral Servs. of Fla., Inc., 948 So. 2d 976, 978 (Fla. 1st DCA 2007) ("Florida's impact rule does not apply to cases where the tortfeasor's negligence may be characterized as willful or wanton." (citing Kirksey v. Jernigan, 45 So. 2d 188, 189 (Fla. 1950))).

While we offer no opinion on whether Kendron will actually be able to prove the elements of these causes of action, we nonetheless conclude it was error to dismiss them based on the statute of limitations.

AFFIRMED in part, REVERSED in part, and REMANDED.

BERGER, LAMBERT and EDWARDS, concur.