# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

Nos. 1D17-4561
1D17-4813

————————————————

CAPITAL HEALTH PLAN,

    Appellant,

    v.

TIMOTHY MOORE,

    Appellee.

————————————————

On appeal from the Circuit Court for Leon County.
Karen Gievers, Judge.

October 23, 2019

OSTERHAUS, J.

Dr. Timothy Moore won a $40,000 verdict plus front pay on his age discrimination claim against his employer Capital Health Plan (CHP), which promoted a younger doctor to a position that Dr. Moore sought. On appeal, CHP takes issue with the sufficiency of the evidence, the jury instructions, the award of front pay, and the attorneys' fee award. We affirm, except for the attorneys' fees issue, which we remand for additional consideration.

## I.

In 2015, Dr. Moore filed a complaint alleging age discrimination against CHP under the Age Discrimination in Employment Act (ADEA). The complaint alleged that CHP had

created a new position within its eye care department and selected a less qualified doctor thirty years Dr. Moore's junior. The case went to trial in 2017. After Dr. Moore rested his case, CHP moved for a directed verdict, arguing that Dr. Moore had failed to show that its nondiscriminatory reasons for selecting the younger doctor were pretextual. The trial court denied the motion and the case was sent to the jury. The jury found for Dr. Moore and awarded $40,000 in lost wages.

Moore moved post-trial for front pay and attorneys' fees, which CHP contested. The court awarded both. Dr. Moore received front pay in the amount of $10,000 for every year he continues to be employed by CHP. On attorney's fees, the parties agreed on the number of hours worked, but not on the hourly rates. The court ultimately determined the hourly rates based on the testimony of one of Dr. Moore's attorneys and the transcript of a fee hearing in a different case in federal court. CHP now appeals the final judgment and the orders granting front pay and attorneys' fees.

II.

We find no error or abuse of discretion with the first three issues raised by CHP. First, with respect to the denial of CHP's directed verdict motion, we must affirm unless "no proper view of the evidence could sustain a verdict in favor of the nonmoving party." *Owens v. Publix Supermarkets, Inc.*, 802 So. 2d 315, 329 (Fla. 2001). Review is de novo. *Williams v. Washington*, 120 So. 3d 1263, 1264 (Fla. 1st DCA 2013). In this case, although CHP presented evidence suggesting that its hiring decision was based on legitimate, non-discriminatory reasons, Dr. Moore produced competent conflicting evidence that CHP's given reasons for choosing the younger doctor over him were pretextual and that age was the actual reason. Given the conflicting evidence, we cannot conclude that the trial court erred by denying CHP's motion for directed verdict.

Secondly, no reversible error was made as to the jury instructions. We agree with CHP's argument that Dr. Moore couldn't prevail on his ADEA claim just by proving that age was "a motivating factor" in the promotion decision rather than a "but-for" reason. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175-

2

76 (2009). But the jury instructions correctly reflected the law on this point, even while adding that age discrimination needn't be the "sole cause" for the employer's action. *See, e.g., Leal v. McHugh*, 731 F.3d 405, 415 (5th Cir. 2013) (noting that "but-for cause" does not mean "sole cause . . . an employer may be liable under the ADEA if other factors contributed to its taking the adverse action, as long as age was the factor that made a difference") (quoting *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277 (10th Cir. 2010)).[*] A new trial isn't warranted here because the jury

---

[*] The disputed instructions stated in part as follows:

The Plaintiff, Dr. Timothy Moore, is employed by the Defendant, Capital Health Plan (CHP) as a staff optometrist. Dr. Moore applied for the position of Associate Chief of Eye Care. Dr. Moore contends that his age was a factor in CHP's decision—that it made a difference in the outcome even if it was not the sole factor. CHP denies this allegation and asserts that it had a legitimate business reason for its decision to promote Dr. Adamson over Dr. Moore. . . .

To determine that CHP did not promote Dr. Moore because of his age, you must decide that CHP would not have passed him over if Dr. Moore had been younger but everything else had been the same. CHP denies that it did not promote Dr. Moore because of his age and claims that it made the decision for another reason.

An employer may not discriminate against an employee because of age, but an employer may choose not to promote an employee for any other reason, good or bad, fair or unfair. If you believe CHP's reason for its decision not to promote and you find that its decision was not because of Dr. Moore's age, you must not second guess that decision, and you must not substitute your own judgment for CHP's judgment even if you do not agree with it.

On the other hand, it is not necessary for Dr. Moore to prove that age was the sole or exclusive reason for CHP's decision. It is sufficient if Dr. Moore proves that

3

instructions stated that age must be determinative. The instructions surrounding the part of the instruction disputed by CHP—the "a determining consideration" language—clarifies potential ambiguities by repeatedly hinging CHP's liability on whether its decision not to promote Dr. Moore was because of age. This was also reflected on the verdict form which asked the jury to decide whether "[CHP] did not award [Moore] the [promotion] because of his age?" We find no abuse of discretion on this issue.

Thirdly, on the front pay issue, CHP argues that it was necessary for Dr. Moore to show particularly "egregious circumstances" in order to receive front pay. It cites an Eleventh Circuit case where an employee could not return to his work environment because of pronounced discrimination. *See Lewis v. Fed. Prison Indus., Inc.*, 953 F.2d 1277, 1281 (11th Cir. 1992). In *Lewis*, the employer offered to reinstate the plaintiff, which would typically terminate back pay and front pay, and the court had to decide whether the plaintiff reasonably rejected that offer in favor of front pay as an equitable matter. *Id.* at 1279. The rule from this case was that in circumstances where the employer offers reinstatement, the court would expect the plaintiff to show "egregious circumstances" that foreclosed acceptance of the offered reinstatement. *Id.* at 1281. This case does not involve a reinstatement dispute between the parties. Judge Tjoflat's partial concurrence in *Lewis* more closely addressed the circumstances here, where he approved of the remedy awarded here in failure-to-promote cases: "where the promotion cannot be awarded because the position sought has been filled, the court can, as an equity remedy, simply order the employer to pay the employee the wages of that position." *Id.* at 1286. Judge Tjoflat's equitable view is consistent with the ADEA's provision for plaintiffs to be restored to the economic position he or she "would have occupied but for the

---

age was a determining consideration that made a difference in CHP's decision.

As I have explained[,] Dr. Moore has the burden to prove that CHP's decision not to promote him was because of his age . . . . To decide whether CHP's decision was because of Dr. Moore's age[.]

illegal discrimination." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1338 (11th Cir. 1999). Front pay is an equitable remedy generally available to trial courts as a means of making plaintiffs whole. *See Duke v. Uniroyal Inc.*, 928 F.2d 1413, 1423 (4th Cir. 1991) (noting that "virtually all circuits that have considered the subject [have concluded] that front pay is an available remedy to complete the panoply of remedies available to avoid the potential of future loss"). In this case, the award of the difference in salary that Dr. Moore would have made if promoted provides restitution. It allows Dr. Moore to be made whole without forcibly bumping the incumbent out of the lone associate chief position, an alternative remedy that neither party sought. *Cf. Lander v. Lujan*, 888 F.2d 153, 157 (D.C. Cir. 1989) (discussing the option of removing incumbents who are innocent beneficiaries of an employer's discrimination). The equitable remedy crafted by the trial court fell within its discretion under these circumstances.

Finally, CHP argues that Dr. Moore presented insufficient evidence supporting the requested hourly rates of his attorneys. Appellate courts review awards of attorneys' fees for an abuse of discretion. *Shelly L. Hall, M.D., P.A. v. White*, 97 So. 3d 907, 909 (Fla. 1st DCA 2012). Section 760.11(5), Florida Statutes, allows prevailing parties to recover attorneys' fees consistent with federal case law interpreting Title VII. *Winn-Dixie Stores, Inc. v. Reddick*, 954 So. 2d 723, 731 (Fla. 1st DCA 2007). One of the prerequisites of an award is that the trial court must determine a reasonable hourly rate for the services of the prevailing party's attorney. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985). The party seeking the fees carries the burden of establishing "the prevailing 'market rate,' i.e., the rate charged in that community by lawyers of reasonably comparable skill, experience and reputation, for similar services." *Id.* at 1151 (italics omitted).

Dr. Moore's motion for attorneys' fees sought rates of between $750/hr. and $450/hr. for his four Tallahassee attorneys. His motion was backed by his attorney's testimony and a transcript from a fee hearing in a federal case in which the attorney had received a comparable fee award. CHP argues that the appropriate hourly rates were hundreds of dollars lower and that plaintiff failed to introduce independent expert testimony as required to support such a fee award. Florida cases establish that "[w]hen

5

someone other than the client is required to pay the other party's attorney's fees, the trial court must award only a reasonable fee, *determined from testimony by expert witness lawyers* as to the prevailing rates for attorneys in comparable circumstances and as to the amount of time reasonably expended by the attorney for the party seeking payment." *Bennett v. Berges*, 50 So. 3d 1154, 1160 (Fla. 4th DCA 2010) (emphasis added); *Crittenden Orange Blossom Fruit v. Stone*, 514 So. 2d 351, 352–53 (Fla. 1987) ("[I]t is well settled that the testimony of an expert witness concerning a reasonable attorney's fee is necessary to support the establishment of the fee."). Because the hourly rates determined to be appropriate here were not established by expert testimony, we reverse and remand for further consideration.

III.

For these reasons, we affirm the judgment, except for the attorneys' fees award, which is reversed and remanded for further consideration consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

ROWE and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Candy L. Messersmith of Rumberger, Kirk & Caldwell, P.A., Orlando; Linda Bond Edward and David B. Shelton of Rumberger, Kirk & Caldwell, P.A., Tallahassee, for Appellant.

Richard E. Johnson of the Law Office of Richard E. Johnson, Tallahassee; Marie A. Mattox and James Garrity of Marie A. Mattox, P.A., Tallahassee, for Appellee.

6