DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEON WILLIAMS** and **EVAN CHANG,**
Appellants,

v.

**BOYD-PANCIERA FAMILY FUNERAL CARE, INC.,** a Florida
corporation; and **EVERGLADES CREMATORIUM, LLC,** a Limited
Liability Company,
Appellees.

Nos. 4D19-473 and 4D19-838

[March 11, 2020]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Sandra Perlman, Judge; L.T. Case No. 16-3573 CACE (04).

William D. Mueller and Elliot B. Kula of Kula & Associates, P.A., Miami, for appellants.

Mark D. Tinker of Cole, Scott & Kissane, P.A., Tampa, for appellee Boyd-Panciera Family Funeral Care, Inc.

CIKLIN, J.

After a funeral home lost the cremated remains of the appellants' miscarried baby, the appellants (hereinafter "the parents") brought suit, seeking damages for their emotional distress. The trial court granted summary judgment in favor of the funeral home, finding that recovery was barred because the parents suffered no physical impact or physical manifestation of their emotional distress, and because the funeral home's conduct did not rise to the level of egregiousness required to support the intentional tort claims brought by the parents. We affirm. The parents also seek a reversal of the award of attorney's fees, based solely on reversal of the summary judgment. Because we affirm the summary judgment, we affirm the award of attorney's fees.[1]

---

[1] The award of attorney's fees was based on an offer of judgment. The parents do not raise any error with respect to entitlement or the amount awarded.

The parents brought claims for simple negligence and several torts alleging egregious misconduct on the part of the funeral home. The summary judgment evidence revealed that employees of the funeral home did not follow the funeral home's protocol for tracking intake of the cremated remains after they were returned to the funeral home. This resulted in the loss of the remains.

Upon the funeral home's motion, the trial court entered summary judgment for the funeral home, finding that (1) there was no evidence of a physical impact or of a physical manifestation of the parent's emotional distress and (2) there was no evidence supporting a finding that the funeral home's conduct was willful or wanton, or outrageous.

On appeal, our standard of review is de novo. *See Mellette v. Trinity Mem'l Cemetery, Inc.*, 95 So. 3d 1043, 1045 (Fla. 2d DCA 2012).

"The impact rule, as applied in Florida, requires that 'before a plaintiff can recover damages for emotional distress caused by the negligence of another, the emotional distress suffered must flow from physical injuries the plaintiff sustained in an impact.'" *Fla. Dep't of Corr. v. Abril*, 969 So. 2d 201, 206 (Fla. 2007) (quoting *R.J. v. Humana of Fla., Inc.*, 652 So. 2d 360, 362 (Fla. 1995)). "[N]o impact need be shown where psychological trauma could be demonstrated to cause a demonstrable physical injury," but the rule bars recovery for purely "psychic injuries resulting from such trauma." *Zell v. Meek*, 665 So. 2d 1048, 1052 (Fla. 1995).

The parties do not dispute that the parents suffered no physical impact. Further, the sort of injuries suffered by the parents have not been recognized as demonstrable physical injuries. *See LeGrande v. Emmanuel*, 889 So. 2d 991, 995 (Fla. 3d DCA 2004) (finding that memory loss and the exacerbation of a preexisting condition were insufficient to support a cause of action for negligent infliction of emotional distress); *R.J.*, 652 So. 2d at 364 (finding that "hypertension, pain and suffering, mental anguish, loss of capacity for the enjoyment of life" are "intangible, mental injuries [that] are insufficient to meet the physical injury required under the impact rule"). Based on the foregoing, the trial court did not err in entering summary judgment on the claim or claims grounded in negligence, for which a showing of a physical impact was required.

The parents also brought claims alleging that the funeral home acted with great indifference and exhibited willful, wanton, malicious, and outrageous behavior. The impact rule does not bar claims grounded on the tortfeasor's malice, great indifference, willful or wanton conduct, or outrageous conduct. *See Gonzalez v. Metro. Dade Cty. Pub. Health Tr.*, 651

So. 2d 673, 675 (Fla. 1995); *Kendron v. SCI Funeral Servs. of Fla., LLC*, 230 So. 3d 636, 638 (Fla. 5th DCA 2017); *Brady v. SCI Funeral Servs. of Fla., Inc.*, 948 So. 2d 976, 978 (Fla. 1st DCA 2007); *Ingaglio v. Kraeer Funeral Home, Inc.*, 515 So. 2d 428, 429 (Fla. 4th DCA 1987). Whether conduct is sufficiently willful or wanton or outrageous is typically a question of law. *See Matsumoto v. Am. Burial & Cremation Servs., Inc.*, 949 So. 2d 1054, 1056 (Fla. 2d DCA 2006). We conclude that the trial court did not err in finding that, as a matter of law, the summary judgment evidence would not support a finding of willful, wanton, malicious, or outrageous behavior.

We now address the parents' argument that the circumstances of this case warrant an exception to the impact rule. The Florida Supreme Court has recognized that the impact rule "is not . . . an inflexible, unyielding rule of law, so sacred that it must be blindly followed without regard to context." *Rowell v. Holt*, 850 So. 2d 474, 478 (Fla. 2003). "Exceptions to the rule have been narrowly created and defined in a certain very narrow class of cases in which the foreseeability and gravity of the emotional injury involved, and lack of countervailing policy concerns, have surmounted the policy rationale undergirding application of the impact rule." *Id.*

Although the Florida Supreme Court has not directly addressed the application of the impact rule to the total loss of remains, it has addressed the rule's application to causes of action involving the negligent mishandling of a dead body. In *Gonzalez v. Metropolitan Dade County Public Health Trust*, 651 So. 2d 673, 673 (Fla. 1995), the plaintiffs' baby died about a week after childbirth. Two months after the baby's funeral service and burial, the funeral home notified the plaintiffs that the baby's body was still in a refrigerated drawer at the hospital morgue. *Id.* at 674. A second funeral and burial were held. *Id.* The plaintiffs brought a suit for tortious interference with a dead body and negligent infliction of emotional distress. *Id.*

The trial court entered summary judgment for the hospital based in part on the impact rule.[2] Eventually, the case made its way to the Florida Supreme Court, which was asked to entertain whether it should adopt a provision of the Restatement (Second) of Torts and recede from case law holding that "the law of Florida will not sustain an action for mental anguish caused by negligent handling of a dead body in the absence of physical injury." *Id.* at 673. The supreme court declined to adopt the Restatement provision and recede from the then-existing case law. *Id.* The

---

[2] A summary judgment entered for the funeral home was subsequently vacated by the trial court. *Id.* at 674.

court first recognized that the "absence of physical impact does not bar a claim for the negligent mishandling of a dead body under Florida law" where the defendant's conduct is malicious or willful and wanton. *Id.* at 675. The court addressed section 868 of the Restatement (Second) of Torts, which the plaintiffs asked the court to adopt, and it explained that it "removes not only the physical impact requirement, but also eliminates the physical injury currently required under Florida law," and applies to "merely negligent interferences with the body itself or with its proper burial or cremation." *Id.* The court reasoned that while "cases involving negligent mishandling of corpses entail real and palpable injury to feelings, and it may even be true that the 'special circumstances' guarantee the authenticity of the claim, there is no accurate method of separating the natural grief resulting from the death of a loved one from the additional grief suffered as a result of mishandling of the body." *Id.* at 676. The court further reasoned that if it adopted the Restatement provision, "[t]he consequences [would be] too far reaching in a modern society where it is recognized that not all wrongs can be compensated through litigation or the courts." *Id.*

While *Gonzalez* involved the mishandling of human remains, the court's holding appears broad enough to encompass an action for negligence based on a funeral home's actual loss of remains. The facts of this case are undoubtedly troubling and heartrending. But it appears that without an impact or conduct that goes beyond mere negligence, Florida law as it now stands does not allow for recovery for emotional distress under the facts of this case.

*Affirmed.*

TAYLOR and KUNTZ, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

4