DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CAROLANN SHARKEY,** individually and as Personal Representative of the Estate of Florence Wagner, **PETER WAGNER, DOROTHY CHARD, DIANE WOOD, MIKE HROMADKA, MARK HROMADKA, MARYANN WARAKOMSKI, DEBBIE SHARKEY, JAMES GAFFNEY, FREDRICK WAGNER, KENNETH WAGNER, BARBARA TOBIN,** and **JANICE SCAFURI,**
Appellants,

v.

**HALLANDALE BEACH POLICE DEPARTMENT** and
**CITY OF HALLANDALE BEACH,**
Appellees.

No. 4D20-1602

[April 7, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; David A. Haimes, Judge; L.T. Case No. CACE17023301 (08).

Joshua I. Gornitsky of Searles, Sheppard & Gornitsky, PLLC, Fort Lauderdale, for appellants.

Jennifer Merino, City Attorney, and Andre McKenney, Deputy City Attorney of the City of Hallandale Beach, Hallandale Beach, for appellee City of Hallandale Beach.

PER CURIAM.

On a previous trip to this Court, we reversed and remanded this case for further proceedings, because the trial court's oral pronouncements were at odds with its order on issues relating to certain defenses. *City of Hallandale Beach v. Sharkey,* 281 So. 3d 515, 516 (Fla. 4th DCA 2019).

On remand, the trial court granted a motion to dismiss the second amended complaint and entered a final order of dismissal. The court reasoned that (1) an action for mental anguish based on negligent handling of a dead body required proof of either physical injury or willful or wanton misconduct, (2) the plaintiffs failed to allege any physical injury, and (3)

the defendants had sovereign immunity from liability for the willful or wanton conduct of its employees.

We affirm because the trial court's ruling on the merits is supported by precedent. *See Gonzalez v. Metro. Dade Cnty. Pub. Health Tr.*, 651 So. 2d 673, 676 (Fla. 1995) ("An action for mental anguish based on negligent handling of a dead body requires proof of either physical injury or willful or wanton misconduct. . . . The Gonzalezes alleged no physical impact or physical injury and conceded that the hospital's acts were not willful. However, even assuming that the hospital's actions were willful, Jackson Memorial Hospital, as a county-owned hospital, is immune from liability for a willful, wanton or malicious conduct claim against one of its employees."). Appellants have not raised any challenge to the substance of the trial court's ruling.

We do not reach appellants' procedural arguments, as such error, if any, was harmless.

*Affirmed.*

GROSS, CIKLIN and ARTAU, JJ., concur.

\*        \*        \*

***Not final until disposition of timely filed motion for rehearing.***