# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2025-0938
_____

MICHAEL ALEXANDER JAMES,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Levy County.
David P. Kreider, Judge.

March 25, 2026

PER CURIAM.

Appellant, Michael Alexander James, challenges an involuntary commitment order finding him to be a sexually violent predator and civilly committing him under Florida's Involuntary Civil Commitment of Sexually Violent Predators Act, which is commonly referred to as the "Jimmy Ryce Act." Appellant argues that the trial court erred in granting the State's summary judgment motion because permitting summary judgment in this type of proceeding is unconstitutional. He alternatively argues that even if no constitutional violation occurred, summary judgment was improper because his general denial in response to the State's request for admissions created a genuine issue of material fact as to whether he met the criteria for civil

commitment.  For the following reasons, we reject both arguments and affirm.

To constitute a sexually violent predator under the Jimmy Ryce Act, an individual must have been convicted of a sexually violent offense and must suffer from a mental abnormality or personality disorder that makes him or her likely to engage in acts of sexual violence if not confined to a secure facility for long-term control, care, and treatment.  § 394.912(10)(a)-(b), Fla. Stat.  It is undisputed that Appellant satisfied the first criterion.  Prior to his release from prison for committing sexual battery on a child, the State petitioned the trial court to deem him a sexually violent predator and commit him.  The State later moved for summary judgment, relying upon its expert witnesses' opinions that Appellant suffered from a mental abnormality or personality disorder that made him likely to engage in sexual violence if not confined.

In opposition to the summary judgment motion, Appellant relied upon his response to the State's request for admissions, in which he wrote "Deny" when asked to admit that he suffered from a mental abnormality or a personality disorder.  During the summary judgment hearing, defense counsel admitted that he was unable to secure a favorable expert witness as to that issue, and he claimed to not needing additional time to try to find one.  Counsel acknowledged, "[W]hat I would suggest to the Court is that if there was [sic] favorable opinions to the defense that the State could not dispute, then the defense could use this mechanism for summary judgment.  Because the summary judgment is – built into the rules."  He argued, however, that granting summary judgment in the State's favor would violate Appellant's right to trial and due process.

The trial court granted the State's summary judgment motion, finding no genuine issue of material fact as to Appellant's status as a sexually violent predator.  The court did so because Appellant did not respond to the motion with any attachments or sworn statements and provided no testimony or evidence during the hearing to refute the State's expert witnesses' opinions.  The court subsequently entered an order committing Appellant.  This appeal followed.

2

Section 394.9155(1), Florida Statutes, which addresses the "[r]ules of procedure and evidence" in Jimmy Ryce proceedings, provides that the "Florida Rules of Civil Procedure apply unless otherwise specified in this part." Rule 4.110(a) of the Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators provides that "[a]fter the pleadings and discovery are closed, but within such time as not to delay the trial, any party may move for summary judgment" and that "[s]ummary judgment practice is governed by [Florida Rule of Civil Procedure] 1.510." Under rule 1.510(a), a "party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought." A court must grant summary judgment if the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

Appellant contends that utilizing summary judgment in Jimmy Ryce proceedings is unconstitutional because it deprives a respondent of his right to due process and to a jury trial. The constitutionality of a statute is a question of law subject to de novo review. *Crist v. Ervin*, 56 So. 3d 745, 747 (Fla. 2010). A court is obligated to accord legislative acts a presumption of constitutionality and to construe a challenged law to effect a constitutional outcome whenever possible. *Id.*

As Appellant acknowledges, the Florida Supreme Court has held that involuntary civil commitment under the Jimmy Ryce Act is constitutional. *See Westerheide v. State*, 831 So. 2d 93 (Fla. 2002). In doing so, the court observed that the act provides a range of procedural safeguards, including, but not limited to, the right to a jury trial. *Id.* at 105 (citing section 394.916(5), Florida Statutes, which provides that a respondent "has the right to demand that the trial be before a jury of six members" and that if no demand is made, "the trial shall be to the court"); *see also Mitchell v. State*, 911 So. 2d 1211, 1216 (Fla. 2005) ("The liberty interests affected in Ryce Act proceedings are not dissimilar to the liberty interests involved in criminal proceedings, although there are obviously critical distinctions."). We find nothing about the summary judgment procedure that vitiates the safeguards built into the involuntary civil commitment framework.

As has been observed, one of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. *In re Amends. to Fla. R. of Civ. P. 1.510*, 309 So. 3d 192, 194 (Fla. 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 317 (1986)); *see also Williams v. Washington*, 120 So. 3d 1263, 1264 (Fla. 1st DCA 2013) (observing that summary judgments are pretrial mechanisms that serve to avoid the time and expense of a useless trial if it clearly appears that no genuine issue of material fact exists). As long as a respondent in a Jimmy Ryce proceeding is able to present competent evidence when faced with a summary judgment motion that shows the existence of a genuine issue of material fact, he or she may proceed to trial. Importantly, the function of the trial court at the summary judgment stage is to act as a gatekeeper, not to weigh the evidence and determine the truth of the matter. *See Whitlow v. Tallahassee Mem'l Healthcare, Inc.*, 421 So. 3d 729, 736 (Fla. 1st DCA 2023) (explaining that the Florida Supreme Court's adoption of the federal summary judgment standard "represents a return to the procedural expediencies that the supreme court approved over a century earlier as complementing, rather than conflicting with, the right to a trial by jury"). As such, there is nothing about the procedure that violates a respondent's right to a jury or to due process. *See Jones v. State*, 419 So. 3d 619, 625 (Fla. 2025) (observing that due process requires a defendant to be given notice and an opportunity to be heard). The trial court in this case properly served in its gatekeeper capacity, and its doing so did not violate Appellant's constitutional rights.

Appellant alternatively argues that the trial court erred in granting summary judgment because a genuine issue of material fact exists as to whether he suffers from a mental abnormality or personality disorder that makes him likely to commit sexual violence if not confined. A court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(a). Florida's summary judgment standard "shall be construed and applied in accordance with the federal summary judgment standard." *Id.* If a moving party fails to satisfy its initial burden, then the nonmoving party need not present any evidence in opposition to the summary judgment motion. *Casey v. Mistral Condo. Ass'n, Inc.*, 380 So. 3d 1278, 1285

(Fla. 1st DCA 2024). If the movant satisfies its initial burden, then the burden shifts to the nonmovant to establish the existence of at least one fact issue that is both genuine and material. *Id.* To satisfy that burden, the nonmoving party must present competent evidence that shows a genuine issue for trial. *Id.* A trial court's ruling on a motion for summary judgment is reviewed de novo. *Verizon Commc'ns Inc. v. Fla. Dep't of Revenue*, 386 So. 3d 599, 601 (Fla. 1st DCA 2024).

In support of his argument, Appellant relies solely upon his one-word denial in his response to the State's request for admissions that he suffers from the requisite mental abnormality or personality disorder. Like the trial court, we reject Appellant's argument that this established the existence of a genuine and material factual issue. This case is distinguishable from *Ridenhour v. State*, 338 So. 3d 473, 475 (Fla. 1st DCA 2022), where we held that summary judgment was erroneously granted in a Jimmy Ryce proceeding. There, the appellant filed an affidavit containing "concrete factual assertions" in opposition to the State's summary judgment motion. *Id.* In reversing, we rejected the State's argument that the case was one where the appellant's affidavit framed only self-serving conclusions of law that fell short of raising a genuine issue of material fact. *Id.* at 476; *see also United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018) (explaining that Federal Rule of Civil Procedure 56(c) allows a nonmoving party to dispute a material fact through an affidavit, "which must be 'made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated'" therein). Here, as set forth, Appellant did not submit any affidavits, expert opinions, or any other competent evidence in opposition to the State's summary judgment motion. Thus, the trial court did not err in granting it. The commitment order is affirmed.

AFFIRMED.

LEWIS, ROBERTS, and KELSEY, JJ., concur.

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jessica J. Yeary, Public Defender, and Kathryn Lane, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and David Welch, Assistant Attorney General, Tallahassee, for Appellee.